Matthias, J.
 

 The determination of the question of law presented by the record turns upon the construction of Section 12000, General Code, which reads as follows:
 

 
 *369
 
 “Upon application of a party and his or her affidavit that a fair and impartial hearing and determination can not he had before the court in which a petition for divorce or alimony is filed, a change of venue shall be allowed, and the cause removed to some county in the same judicial district for hearing and determination. ’ ’
 

 The novel question presented is whether, after one change of venue has been granted to a party under the provisions of this section, the other party may mandatorily require that another change of venue be granted under the provisions of the same section.
 

 The Court of Appeals recognized the mandatory character of Section 12000, General Code, as established by the decisions of this court in the cases of
 
 State, ex rel. Grogan,
 
 v.
 
 Wanamaker, Judge,
 
 139 Ohio St., 293, 39 N. E. (2d), 853, and
 
 State, ex rel. Keller,
 
 v.
 
 Birrell, Judge,
 
 149 Ohio St., 145, 78 N. E. (2d), 53, and held that either party is entitled upon application to have a change of venue.
 

 The Court of Appeals stated in its opinion as follows :
 

 “In the instant case the application of the defendant was made in the court in which the petition for divorce was originally filed. The application of the plaintiff was made in the court in which the petition was filed pursuant to the transfer on change of venue. In the absence of a limitation denying a second application for change of venue, we are, therefore, of the opinion that since the petition was on file in Erie county, the opposite party is not precluded from having an additional change of venue. ’ ’
 

 It is argued by the respondent that the words, “the court in which a petition for divorce or alimony is
 
 filed,”
 
 limit the application of this section to-the court in which the action for divorce or alimony was originally begun; that the word, “filed,” as used in the stat
 
 *370
 
 ute differs from the word, “pending,” as used in other sections relating to change of venue; and that the party invoking the provisions of Section 12000, General Code, in the original court exhausts the rights accorded by that statutory provision in the case in question.
 

 In the construction of Section 12000, General Code, the language used therein must be construed as a whole and undue emphasis should not be placed on any particular words used therein. The word, “filed,” differs slightly in meaning from the word, “pending,” from which it might be argued that the filing of a pleading instituting an action is a prerequisite to such action becoming a “pending” one. Yet the General Assembly in Section 11416, General Code, relative to a change of venue in a corporation suit, prescribed a mandatory requirement that, upon the showing that a corporation having more than 50 shareholders is a party in an action
 
 pending
 
 in a county, a change of venue shall on proper application be granted. Substitute the word, “filed,” for the word, “pending,” in this statute and a situation is presented similar to that involved in the construction of Section 12000, General Code.
 

 The venue of an action for divorce or alimony is fixed by Section 11980, General Code, which provides that “actions for divorce or for alimony shall be brought in the county of which the plaintiff is and has been for at least 30 days immediately preceding the filing of the petition, a bona fide resident or in the county where the cause of action arose.” Thus a plaintiff who has complied with the residence requirements may bring the action either where he resides or in any county where the cause of action arose. Further, by invoking the provisions of Section 12000, General Code, he may procure the transfer of the cause from the county of his residence to another county. Generally this is
 
 *371
 
 done to avoid publicity or embarrassment to friends, children or relatives. Likewise the defendant may avail himself of this provision. See
 
 State, ex rel. Keller,
 
 v.
 
 Birrell, Judge, supra,
 
 and
 
 State, ex rel. Grogan,
 
 v.
 
 Wanamaker, Judge, supra.
 

 Having made liberal provisions for changes of venue in cases of divorce or alimony, the General Assembly by the clear language of Section 12000, General Code, intended that upon application the venue should be finally determined by the judge of the court in which the divorce or alimony case was “filed.” In the instant case, the judge of the Court of Common Pleas of Cuyahoga County chose Erie county as the forum for the trial of the case. In so doing, in our opinion, the effectiveness of Section 12000, General Code, was exhausted in such cause. Surely it was not intended that the process of change of venue be continued indefinitely.
 

 The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. Hence it is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result. 37 Ohio Jurisprudence, 643
 
 et seq.,
 
 Section 352
 
 et seq.,
 
 and cases cited.
 

 The relatrix in the present case is not entirely without remedy. Upon the filing of a proper application to the trial court, alleging that a fair and impartial trial cannot be had in the county where the suit is pending, the trial court may under the provisions of Section 11415, General Code, change the place of the trial to some adjoining county. In the event of a claim that the judge, before whom the case will be tried, “has a bias or prejudice either for or against a party * * * or to his counsel, or is otherwise disqualified to sit in such cause or matter,” she may file an affidavit setting forth the fact of such bias, prejudice or dis
 
 *372
 
 qualification, under Section 1687, General Code, and thus procure consideration of her claim in that regard pursuant to Section 3, Article IV of the state Constitution.
 

 The judgment of the Court of Appeals overruling the demurrer of the respondent is reversed and judgment. entered for the respondent.
 

 Judgment reversed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.