CORNELL, ADMR., BUREAU OF UNEMPLOYMENT COMPENSATION, APPELLEE, *v.* PERSCHILLO ET AL., APPELLANTS.

(No. 4632—Decided June 16, 1952.)

*Mr. C. William O'Neill,* attorney general, for appellee.

*Mr. C. William O'Neill,* attorney general, and *Mr. John W. Hardwick,* for appellants.

SAVORD, J. This is an appeal on questions of law from a judgment of the Common Pleas Court.

The record discloses an undisputed factual situation substantially as follows: On September 21, 1950, Grace P. Perschillo, as claimant, filed an application for determination of benefit rights, in such application indicating that she had been employed as an assistant foreman by the Unitcast Corporation from 1943 until September 21, 1949. The application revealed further that claimant had filed a prior claim on September 30, 1949, under which the benefit year commenced on September 18, 1949, and that claimant had had no employment between September 21, 1949, and September 21, 1950.

On September 27, 1950, the application for determination of benefit rights was allowed, such benefits being computed on the basis of 26 times a weekly benefit amount of $25, the first claim for benefits for the week ending September 23, 1950, being allowed on October 2, 1950.

Thereafter, the Administrator of the Bureau of Unemployment Compensation proceeded to reconsider the claim and on October 13, 1950, announced the following decision:

"Under the authority contained in Section 1345-25*b*

[*sic*], claimant is denied credit for waiting period and benefit rights for any week of unemployment for the duration of the benefit year of this application dated 9-21-50.''

Upon appeal by claimant, the referee found that the administrator lacked power or authority in law to make the above order. Application of the administrator to institute further appeal was denied by the Board of Review. The Common Pleas Court having reversed the finding of the referee, appellants now seek reversal of such order.

It is apparent that correct determination of the issue here presented is dependent upon the construction accorded the pertinent portions of subdivision (b) of Section 1345-25, General Code (122 Ohio Laws, 695, 713); subdivision p of Section 1345-1, General Code (123 Ohio Laws, 559); and Section 1346-4, General Code (123 Ohio Laws, 559, 584), as in effect at the time of the various happenings herein involved, and the application thereof to the facts involved in the instant case.

As already noted, at the time of filing the application on September 21, 1950, claimant had received unemployment benefits for a benefit year commencing on September 18, 1949, and had continued unemployed from September 21, 1949, to September 21, 1950. Therefore, it clearly follows that on September 27, 1950, the date upon which the second application for determination of benefit rights was allowed, claimant had not met the conditions requisite to the constituting of a valid claim as contemplated by the provisions of Section 1346-4 and subdivision p of Section 1345-1, General Code. The latter section, in part, provides that any application made in accordance with Section 1346-4, General Code, shall be valid ''if the individual at the time of filing such application is unemployed, has been employed by an employer (or employers)

subject to the unemployment compensation act in at least fourteen calendar weeks within his base period, and has earned wages in his base period of not less than $240.''

It was because of such fact that the administrator upon reconsideration entered his order of October 13, 1950, denying claimant credit for waiting period and benefit rights.

Appellees assert that the administrator, because of the limitation expressed in Section 1346-4, General Code, was without right or power to enter the order of October 13, 1950, claiming that more than 10 days having ensued from the date of determination of benefit rights with respect to the application of September 21, 1950, the order of September 27, 1950 had become final and could not as a matter of law be vacated.

The sustaining of such contention would inevitably result in compelling the administrator to continue payments on a claim which, as a matter of law, was invalid *ab initio*. While the apparent intent of the Legislature to clothe the action of the administrator with early finality by limiting the time in which an appeal is to be perfected to 10 days is evident, nevertheless, it is not to be presumed that its intent was to enact a law producing unreasonably or absurd consequences. ''Hence it is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result.'' *State, ex rel. Cooper,* v. *Savord, Judge,* 153 Ohio St., 367, 92 N. E. (2d), 390.

It is to be observed further that appellees fall into error when they submit that subdivision b of Section 1345-25, General Code, has no application to the case at bar. By this subdivision, the administrator is authorized in an instance where it is found that an applicant has been credited with a waiting period or paid benefits to which the applicant is not entitled, with-

in any time within three years, to cancel such waiting period or any payments which have been made. Consistent with the language of this portion of Section 1345-25, General Code (122 Ohio Laws, 695, 713), the administrator may so act "notwithstanding any other provisions of the unemployment compensation act * * * ,"

Surely this section would be without meaning and effect if the administrator were to be denied the power to cancel and set aside action previously had with reference to what later unquestionably proves to be an invalid application.

The original finding of the administrator in favor of claimant being without authority of law, it follows that the action of the administrator upon reconsideration of the claim of Grace P. Perschillo being neither unlawful, unreasonable nor against the manifest weight of the evidence, the Court of Common Pleas did not err in holding as it did, and, therefore, the order and judgment of the court should be and is affirmed.

*Judgment affirmed.*

FESS and CONN, JJ., concur.