ZEIHER, APPELLANT, *v.* EGGER ET AL., BOARD OF ELECTIONS, APPELLEES.*

(No. 667—Decided July 20, 1953.)

*Mr. George A. Beis, Mr. Richard R. Kruse* and *Mr. M. J. Stauffer,* for appellant.

*Mr. William E. Didelius,* prosecuting attorney, and *Mr. John F. McCrystal,* for appellees.

FESS, J. This is an appeal on questions of law and fact from a judgment of the Court of Common Pleas dismissing the petition of the plaintiff for an injunction.

On November 24, 1952, the City Commission of Sandusky, Ohio, passed ordinance No. 4890-C, accepting an application contained in a petition duly filed for the annexation to the city of Sandusky of a certain area in Cedar Point. On December 24, 1952, there was filed with the city auditor a referendum petition in 17 parts containing the names of 847 persons and, thereafter, on January 5, 1953, the auditor certified the referendum petition to the defendants as members of the Board of Elections of Erie County, Ohio.

*Appeal dismissed, 160 Ohio St., 242. Motion to certify the record overruled, October 21, 1953.

Thereupon, the defendants determined that the referendum petition contained 177 signatures which, for various reasons, were invalid, and further determined that the petition contained 670 valid signatures and was sufficient to require the defendants to submit the aforesaid ordinance to the electors of the city of Sandusky for their approval or rejection at the next succeeding regular or general election.

In his petition the plaintiff alleges that the referendum petition is invalid on various grounds and seeks herein an injunction to restrain the defendants from submitting the ordinance to the electors of the city of Sandusky. Although plaintiff contends that the referendum petition is invalid upon a number of grounds, plaintiff's right to relief may be determined upon the ground that under the applicable provisions of the law of Ohio the aggregate number of signatures on the petition is insufficient.

Plaintiff asserts that under Section 4227-2, General Code (Section 731.29, Revised Code), the number of signatures required is ten per cent of the electors of the city of Sandusky. Defendants assert and the Common Pleas Court determined that pursuant to the last paragraph of Section 4227-4, General Code (Section 731.31, Revised Code), the basis upon which the required number of signatures shall be determined is the total number of votes cast for the office of mayor at the last preceding election therefor.

By reason of the adoption of a commission form of government in 1916, the last preceding election for the office of mayor of Sandusky was held in 1913. Applying this basis, the required number of signatures on the referendum petition would be 387.

Prior to the adoption of the initiative and referendum provisions of the Constitution, the General Assembly in 1911 enacted Sections 4227-1 to 4227-6, General Code, providing for the initiative and referendum in municipal corporations. (102 Ohio Laws, 521.) Section 4227-2, General Code, required that a referendum petition be signed by 15 per cent of the qualified electors of such municipality "as determined by the highest number of votes cast for the office of mayor of [sic] such municipal election immediately preceding."

In the initiative and referendum provisions of the Constitution, adopted in 1912, specific provision was made for state-wide initiative and referendum, but Section 1f of Article II reserved to the people of each municipality initiative and referendum powers which such municipalities "may now or hereafter be authorized by law to control legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

The Charter of the City of Sandusky provides:

"The provisions for the initiative and referendum in municipal corporations, now in force or hereafter enacted, as prescribed by the general laws of the state, shall govern."

In 1913, Sections 4227-1 to 4227-6, General Code, were amended. (103 Ohio Laws, 211.) Section 4227-2, as then amended, required that the petition be signed by ten per cent of the electors and be filed with the election officers, who should submit the question to the electors. Section 4227-4, as amended in 1913, also provided that the basis should be the total number of votes cast for mayor at the last preceding election therefor.

Section 4227-6 was again amended in 1914, in its present form. (104 Ohio Laws, 238.) The principal change was the provision that the petition be filed with the city auditor or village clerk, who in turn should certify the petition to the board of elections for submission to the electors. Section 4227-4 was not amended in 1914; but in 1933, the last sentence of the first paragraph of the section was added by amendment. The third paragraph, relating to the basis, was re-enacted without change. (115 Ohio Laws, 214.)

Possibly the General Assembly overlooked the fact that certain municipalities have had no recent elections for mayor by reason of the adoption of a commission form of government.

In the 1929 comprehensive revision of the election laws (113 Ohio Laws, 307), Section 4785-182, General Code (113 Ohio Laws, 394), was enacted as follows:

"No measure, submitted to the electors and receiving an affirmative majority of the votes cast thereon, shall be held ineffective or void on account of the insufficiency of the petitions by which such submission shall have been procured. The basis upon which the required number of petitioners in any case

shall be determined shall be the total number of votes cast for the office of governor in the case of state, county or municipal referendum, at the last preceding election therefor.''

Although Section 4785-182 appears in the chapter relating to statewide initiative and referendum, the basis relates to the votes cast for governor in the case of ''state, county or *municipal* referendum, at the last preceding election therefor.'' Section 4785-181, General Code, also provides that the order of local questions and issues in the ballot shall be determined by the board of elections in the county in the case of a proposition to be voted upon in a county or a *political subdivision* thereof. Section 4785-183, General Code, which was repealed in 1931 (114 Ohio Laws, 713), also referred to municipal initiative and referendum.

It is at once apparent that there is an irreconcilable conflict between the last paragraph of Section 4227-4 and the second sentence of Section 4785-182. Frequently, in reconciling such a conflict, it is resolved under the doctrine of repeal by implication that the later enactment shall prevail. However, there is another principle of statutory construction which we regard as controlling our decision in this case, *i. e.*, a statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity. *Prosen* v. *Duffy,* 152 Ohio St., 139, 87 N. E. (2d), 342.

The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences, and it is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result. *State, ex rel. Cooper,* v. *Savord, Judge,* 153 Ohio St., 367, 92 N. E. (2d), 390.

Applying these principles, we are of the opinion that in reenacting Section 4227-4 in 1933 the Legislature had no intention to predate by 40 years the basis for a referendum petition in a growing city such as Sandusky. This conclusion is fortified by the provision in Section 4227-2, that when a petition signed by ten per cent of the electors shall have been filed, etc. Therefore, in the absence of a specific provision that the basis

should be that of the preceding election for commissioners as successors to the mayoralty form of government and in the absence of specific provision therefor in the city charter, we hold that Section 4785-182 applies, and that the basis upon which the number of signatures shall be determined shall be the total number of votes cast for the office of governor in the last preceding election therefor, which was in 1952. It is a matter of record that 11,564 votes were cast for governor in the city of Sandusky in 1952. The petition was therefore insufficient to invoke the referendum.

Since Section 4227-2 requires that the petition shall be filed with the city auditor and that after ten days he shall certify the petition to the board of elections and the board shall cause the ordinance to be submitted to the electors, consideration has been given to the question whether the members of the board are the proper parties defendant. Section 4785-13(k) requires the boards of election to review, examine and certify the sufficiency and validity of petitions and nomination papers. Since the petition was invalid for want of sufficient signatures when it was filed with the city auditor, the certificate by the city auditor, as well as the certification by the board of elections, was void and the board is enjoined from submitting the question to the electors.

*Permanent injunction granted.*

CONN and DEEDS, JJ., concur.