Bell, J.,
dissenting. The decision reached by the majority of the court herein will, in the opinion of the writer, make for some absurd and unreasonable consequences which certainly were not intended by the citizens of Ohio in adopting our Constitution or by the General Assembly in enacting our laws.
Under the decision reached herein, should a vacancy occur among the nominees for member of the Board of County Commissioners of Hamilton County, there would be nothing to prevent the committee of the appropriate political party from nominating a resident of Columbus or Cleveland or Toledo to fill that vacancy, provided that person was a qualified elector of *300 some county of Ohio, whether of his own or not. The framers of our Constitution and statutes certainly envisioned some provision for local responsibility in the selection of candidates for local office.
This court has often held to the proposition laid down, as follows, in the first paragraph of the syllabus of Prosen v. Duffy, 152 Ohio St., 139, 87 N. E. (2d), 342:
“A statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience. ’ ’
Similarly, in State, ex rel. Cooper, v. Savord, Judge, 153 Ohio St., 367, 92 N. E. (2d), 390, this court said, in the first paragraph of the syllabus:
“The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result. ’ ’
And the above paragraph of the syllabus of the Savord case was quoted with approval by Herbert, J., in Acierno v. General Fireproofing Co., 166 Ohio St., 538, at page 541, 144 N. E. (2d), 201.
But it is not necessary to rely on this rule of construction in determining that, to qualify for election to a county office, the candidate must be an elector of his county for 40 days, where the Constitution says that no person shall be elected tp any office in this state unless he has the qualifications of an elector and where the Legislature says that “every citizen # * # who has been a resident of the state one year, of the county 40 days, and of the voting precinct 40 days next preceding the election * * * has the qualifications of an elector. ’ ’
The General Assembly has clearly indicated its intention in Section 3513.05, Revised Code, which I submit must be read in pari materia with Section 3513.31, Revised Code. After providing, in the former section, for the method of declaring candidacies and filing petitions for nomination to office, the General *301 Assembly provided for protests against the candidacy of any person filing a declaration of candidacy. The section provides:
“* * * At the time fixed [for hearing protests] such election officials shall hear the protest and determine the validity or invalidity of the declaration of candidacy and petition. If they find that such candidate is not an elector of the state, district, county, or political subdivision in winch he seeks a party nomination or election to an office or position, * * * his declaration of candidacy and petition shall be determined to be invalid and shall be rejected * * (Emphasis added.)
If, to qualify for the nomination to an office by petition, a candidate must be an elector of the county in which he seeks election to the office, it follows that one who is designated by a political party to replace such a candidate must also be an elector of the county in which he seeks election.
Although the statute involved and interpreted in State, ex rel. Smith, v. Smith, Secy. of State, 101 Ohio St., 358, 129 N. E., 879, has been superseded by Section 3513.05, Revised Code, the wording of the former is substantially the same as that of the present protest statute. And, although the office involved there was that of Secretary of State, requiring only that the candidate be an elector of the state, this court clearly pointed out, by quoting the statute, that electorship in the county is a requirement for county office.
Matthias and Peck, JJ., concur in the foregoing dissenting opinion.