FRYE ET AL., APPELLANTS, *v.* TOBLER, APPELLEE.

(No. 415—Decided August 5, 1981.)

*Mr. Mark Clark,* for plaintiffs-appellants.

*Mr. William H. Kaufman,* for defendant-appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Warren County.

This appeal is from a summary judgment granted in favor of David L. Tobler, appellee herein, by the trial court.

The action arises from an incident which occurred at approximately 6:30 p.m. on "Beggar's Night," October 30, 1978, in Warren County. Based on the depositions which were considered as part of the appellee's motion for summary judgment, the following apparently occurred.

It was almost dark and the appellant, Cordie B. Frye, was walking in a westerly direction along the right side of Shamrock Drive, which is a two-lane, paved street. She was approximately two feet from the edge of the pavement and was proceeding in the same direction as traffic. She was accompanying her children as they went from house to house.

Shamrock Drive runs through a residential neighborhood, has no curbs, no berm and no sidewalks, and no center line painted on it.

The appellee's motorcycle struck the appellant from behind. The appellee was traveling in a westerly direction, at approximately eight to thirteen miles per hour. He was wearing a helmet with a gray-clouded visor. The motorcycle light provided some twenty-five to thirty feet of vision.

The appellee filed a motion for summary judgment. After considering the depositions filed in the case, the trial court granted the motion. In its decision, the trial court found:

"Pursuant to Section 4511.50(B) Revised Code, the plaintiff was required, under the circumstances existing at the time of this accident, to walk on the abutting shoulder of the roadway and not upon the paved portion of the roadway. If there had been no shoulder which could have been practicably used by the plaintiff, it would have been permissible for her to walk on the paved portion of the roadway. However, even in that situation, pursuant to Section 4511.50(C) Revised Code, the plaintiff would have been obliged to walk on the opposite side of the paved portion of the roadway, *i.e.,* to walk so as to face oncoming traffic. These are specific mandatory duties imposed by the

statute and the failure to comply with these duties is negligence.

"The plaintiff argues that even if she were negligent in this regard, there remains a dispute as to whether this negligence was a proximate cause of her own injury. We find her argument to be without merit. It was negligence for her to be walking on the paved portion of the roadway, and it was her presence on the roadway which caused her to be struck."

The appellant assigns as error:

"The trial court erred to the prejudice of the plaintiffs in granting defendant's motion for summary judgment on the grounds of plaintiff's contributory negligence."

R.C. 4511.50, in pertinent part, provides:

"(B) Where a sidewalk is not available, any pedestrian walking along and upon a highway shall walk only on a shoulder, as far as practicable from the edge of the roadway.

"(C) Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to an outside edge of the roadway, and, if on a two-way roadway, shall walk only on the left side of the roadway."

The trial court found that the statute was mandatory in nature, and that violation of the express wording of the statute is negligence *per se*. The appellant argues that the statute is not mandatory but merely directive in nature. We cannot find any decision in Ohio that is in point. Thus, this appears to be a case of first impression.

In determining the nature of this statute and the interpretation to be given it, several principles of statutory construction must be observed.

"Whether a statute is mandatory or directory is to be ascertained from a consideration of the entire act, its nature, its effect and the consequences which would result from construing it one way or another. In each instance, it is necessary to look to the subject matter of the statute and consider the importance of the provision which has been disregarded and the relation of that provision to the general object intended to be secured by the act." *State, ex rel. Jones,* v. *Farrar* (1946), 146 Ohio St. 467 [32 O.O. 542], at 472.

In considering the consequences which result from a construction, a court must also be mindful that:

"The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367 [41 O.O. 396], paragraph one of the syllabus.

Further, this court is aware that the word "shall" is sometimes construed not to be mandatory, but this is the exception rather than the rule. "Shall" is normally construed to be mandatory unless the intention that it be permissive clearly appears. *Dennison* v. *Dennison* (1956), 165 Ohio St. 146, 149 [59 O.O. 210].

The importance of the interpretation as mandatory or directive is that violation of the former is negligence *per se,* whereas violation of the latter may be negligence. The question is in essence whether R.C. 4511.50 provides a specific standard of conduct which must be followed without fail, or whether it provides a general standard of conduct, a directive to be followed when possible. As stated in *Swoboda* v. *Brown* (1935), 129 Ohio St. 512, 522 [2 O.O. 516]:

"The distinction between negligence and 'negligence *per se*' is the means and method of ascertainment. The first must be found by the jury from the facts, the conditions, and circumstances disclosed by the evidence; the latter is a violation of a specific requirement of law or ordinance; the only fact for determination by the jury being the commission or omis-

sion of the specific act inhibited or required."

In his motion for summary judgment and in this court, the appellee argues that the appellant violated an absolute duty by walking along the roadway with her back to traffic, with regard to the question of whether that act constituted ordinary or reasonable care. The trial court in its decision found for the appellee that "these were mandatory duties imposed by R.C. 4511.50," and that "the failure to comply with these duties is negligence." We cannot agree.

Applying the principles of statutory construction set out above, we find that R.C. 4511.50 is not mandatory. To find that a violation of R.C. 4511.50(B) and/or (C) is "negligence *per se*" would result in unreasonable consequences.

By its own language, the statute presents a question for the trier of the facts. R.C. 4511.50(B) requires a determination of whether a pedestrian is walking "as far as practicable from the edge of the roadway" and R.C. 4511.50(C) requires a determination of whether a pedestrian is walking "as near as practicable" to the edge of the roadway. Both R.C. 4511.50(B) and (C) require a determination of the availability of a "shoulder" along a roadway where there is no sidewalk. How then, can a court determine as a matter of law that a pedestrian was not walking "as far as practicable from the edge of the roadway," or that she was walking "as near as practicable to the edge of the roadway"? We find that it cannot be done as there is a question of fact to determine.

The court also said in *Swoboda, supra,* at 523:

"* * * But, where duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence *per se* has no application."

It follows that when a pedestrian is struck while walking on, or near a roadway, many questions are asked which can only be determined by the trier of the facts. Under such circumstances, the pedestrian cannot be said to be negligent *per se*. Therefore, we cannot agree with the appellee that in the absence of a sidewalk or shoulder, a pedestrian is "ordered," under R.C. 4511.50, to walk only on the left side of any two-lane roadway.

Civ. R. 56 provides in part, and the interpretative case law clearly establishes, that summary judgment should not be rendered unless it appears from the evidence before the court "that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66 [8 O.O.3d 73]. Thus, since we have determined that there is a question which must be submitted to the trier of facts, the appellee is not entitled to summary judgment.

Accordingly, we find the appellant's assignment of error is well taken. Therefore, the judgment is reversed and the matter is remanded to the trial court for further proceedings.

*Judgment reversed and*
*cause remanded.*

CASTLE, P.J., HENDRICKSON and KOEHLER, JJ., concur.