WEISENBERGER, APPELLEE, *v.*
FERGUSON, AUDITOR, ET AL.,
APPELLANTS.

(No. 84AP-1083—Decided December 17, 1985.)

*John J. Gideon,* for appellee Marilyn J. Weisenberger.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Luis M. Alcalde,* for appellants Thomas E. Ferguson and William G. Sykes.

CASTLE, J. This case is on appeal from a decision of the Franklin County Court of Common Pleas holding that the State Personnel Board of Review ("SPBR") has authority, under R.C. 124.03(A), to hear appeals regarding the effective date of reclassifications.

Appellee is a classified civil service employee, working for the appellant, Auditor of State. On October 28, 1983, appellee requested the Department of Administrative Services ("DAS") to perform a job audit of her position pursuant to R.C. 124.14(E). At the time of her request, appellee was classified as an "Examiner 2." DAS performed the audit and, by letter dated March 14, 1984, informed appellee that she would be classified as an "Examiner 3." The effective date set forth in the notification was April 1, 1984.

Dissatisfied with the effective date, appellee appealed the ruling to a hearing examiner of the SPBR. The examiner ruled that the SPBR had no jurisdiction to review the effective date assigned to a reclassification by DAS. On July 10, 1984, the SPBR issued an order adopting the examiner's recommendation and dismissing the case.

Thereafter, appellee appealed to the court of common pleas. That court, in reversing, held that the authority given the SPBR under R.C. 124.03(A) to hear appeals of employees from final decisions of the DAS relative to assignment to new classifications necessarily includes the authority to consider the effective dates of such reclassifications. It is from that decision that appellants have taken the instant appeal, raising the following assignment of error:

"The court of common pleas erred in holding that the State Personnel Board of Review has been authorized by R.C. 124.03(A) to review the effective date assigned by the director of the Department of Administrative Services to a classified state employee's reclassification pursuant to a job audit under R.C. 124.14(E)."

R.C. 124.03(A) states, in part:

"The state personnel board of review shall exercise the following powers and perform the following duties:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appoint-

ing authorities or the director of administrative services relative to reduction in pay or position, job abolishments, layoff, suspension, discharge, assignment or reassignment to a new or different position classification, or refusal of the director of administrative services, or anybody authorized to perform his functions, to reassign an employee to another classification or to reclassify his position pursuant to a job audit under division (E) of section 124.14 of the Revised Code. The board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director of administrative services, as the case may be, and its decision is final. * * *"

By the clear terms of this statute, the SPBR has the power to hear job audit appeals pursuant to R.C. 124.03(A). We hold that this power expressly includes the authority to review the effective date assigned by the DAS. Appellants contend, however, that there is neither express nor implied authority within R.C. 124.03(A) for conferring this jurisdiction upon the SPBR. We disagree. As noted, a reclassification notice pursuant to a job audit always specifies the effective date. Therefore, this court may properly assume that the statute expressly confers this authority upon the SPBR. It is well-settled that the courts are under a duty, if the language of a statute fairly permits, to construe statutes so as to avoid unreasonable or absurd consequences. See *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367, 41 O.O. 396, 92 N.E. 2d 390. It would certainly be unreasonable for the SPBR to review reclassifications, but not effective dates, thus leaving the DAS's discretion unlimited. Thus, we hold that the grant of authority conferred upon the SPBR for job audit reviews is complete, covering all aspects of a job audit, including the effective date.

Another issue raised by the appellants is whether the SPBR may retroactively reclassify an employee. We note that, pursuant to R.C. 124.14(E), either the DAS or the employee himself may request a job audit. That section provides, in part:

"* * *

"*When the director of administrative services proposes to reclassify any employee,* he shall give to the employee affected and to his appointing authority a written notice setting forth the proposed new classification, pay range, and salary. *Upon the request of any classified employee,* the director of administrative services shall perform a job audit to review the classification of the employee's position to determine whether the position is properly classified. * * *" (Emphasis added.)

Since the employee has the right to request a job audit and stands in the best position to know that his duties have changed, it is reasonable to expect him to promptly request a job audit. This being the case, we hold that the SPBR has authority to retroactively reclassify an employee to the date of his request for a job audit, or beyond, but only where the facts demonstrate a clear, reasonable right to retroactivity.

Based upon the foregoing, the assignment of error is overruled, and the judgment of the trial court, remanding the case to the SPBR for further determination and decision, is affirmed.

*Judgment affirmed.*

WHITESIDE and NORRIS, JJ., concur.

CASTLE, J., retired, of the Twelfth Appellate District, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

WHITESIDE, J., concurring. Although I concur generally in the opinion and judgment, I would not term making a reclassification effective as of

the date of application therefor a retroactive reclassification. It would appear appropriate that the effective date of a reclassification be the date of application for reclassification or at the latest as of the date of the job audit. Here, there was a prospective reclassification to be effective at a specified date in the future following the determination predicated upon the application and job audit that reclassification was required. Generally, however, a reclassification should not be made retroactive to a date prior to the making of the request or application for reclassification.