ALEXANDER LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT, *v.* ALEXANDER LOCAL EDUCATION ASSOCIATION ET AL., APPELLEES.

(No. 1332 — Decided October 30, 1987.)

*Dennis M. Whalen* and *R. Brent Minney,* for appellant.

*Mark A. Foley,* for appellees.

GREY, P.J. This is an appeal from the Athens County Court of Commons Pleas. The trial court affirmed an arbitration award arising out of a seniority dispute under the collective bargain-

ing agreement between the Alexander Local School District Board of Education ("board") and the teacher's union. The board appeals. We affirm.

The board, appellant, entered into a collective bargaining agreement with appellee Alexander Local Education Association ("association"). Under the terms of that agreement, if two teachers applied for the same position, the position would be given to the better qualified teacher; if both teachers were equally qualified, the one with greater seniority would get the position. The superintendent would decide the qualifications.

Sheila Theiss and appellee Martha Johnson both applied for a vacancy at the Shade Elementary School. The superintendent found Theiss to be better qualified, and granted her the transfer. Johnson filed a grievance and, eventually, the dispute ended up before an arbitrator, who found as follows at the conclusion of his report:

"The superintendent did abuse his discretion when he awarded the transfer in question to Sheila Theiss in preference to Martha Johnson. The grievant is superior to Ms. Theiss in all catagories [*sic*] of experience. She is superior in qualifications as measured by the certificate held. There is essentially no difference between them with regard to their teaching ability as indicated on the evaluations in evidence.

"*Award:* Based upon the preceding discussion the grievance must be SUSTAINED. The grievant is to be awarded a transfer to Shade Elementary School District effective with the start of the Fall term in 1985."

The board brought an action to vacate the award on the grounds that the award exceeded the arbitrator's authority, and that the award interfered with the authority granted to the superintendent under R.C. Chapter 3319. The trial court affirmed the award of the arbitrator, and the board

appeals, designating one assignment of error:

"The trial court committed prejudicial error when it held that the arbitrator did not exceed his powers and entered an order affirming the arbitrator's award."

Prior to the enactment of R.C. Chapter 4117, public employers and public employees could collectively bargain only when the employer and employees chose to engage in such bargaining. *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 70 O.O. 2d 223, 323 N.E. 2d 714, paragraph one of the syllabus; *Assn. of Cuyahoga Cty. Teachers of Trainable Retarded* v. *Cuyahoga Cty. Bd. of Mental Retardation* (1983), 6 Ohio St. 3d 190, 6 OBR 245, 451 N.E. 2d 1215. On April 1, 1984, the General Assembly enacted the Public Employees' Collective Bargaining Act, codified in R.C. Chapter 4117. This Act established a comprehensive collective bargaining law for all of Ohio's public employees. *Ohio Assn. of Pub. School Emp.* v. *New Miami Local Bd. of Edn.* (1986), 31 Ohio App. 3d 163, 165, 31 OBR 328, 330, 509 N.E. 2d 973, 975-976.

R.C. 4117.08(A) is quite broad and includes all matters relating to employment, which would include job transfers. R.C. 4117.10(A) allows for binding arbitration. Thus, the resolution of the dispute herein is in accord with R.C. Chapter 4117.

However, R.C. 3319.01 provides:

"The superintendent of a school district shall be the executive officer for the board. Except as otherwise provided in this section for local school districts, *he shall direct and assign teachers and other employees of the schools under his supervision, except as provided in section 3319.04 of the Revised Code * * *.*" (Emphasis added.)

It would appear there is a conflict between R.C. 4117.10(A) and R.C.

3319.01. The board relies heavily on our discussion in *Frontier Local Edn. Assn.* v. *Frontier Local Bd. of Edn.* (May 1, 1985), Washington App. No. 84 X 11, unreported, but this reliance is misplaced inasmuch as that case dealt with a grievance procedure adopted prior to the enactment of R.C. Chapter 4117.

R.C. Chapter 4117 deals with such conflicts by providing in R.C. 4117.10 (A):

"* * * Chapter 4117. of the Revised Code prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117. of the Revised Code or as otherwise specified by the general assembly."

The board also relies on *State, ex rel. Dispatch Printing Co.,* v. *Wells* (1985), 18 Ohio St. 3d 382, 384, 18 OBR 437, 439, 481 N.E. 2d 632, 634, where the Supreme Court of Ohio construed R.C. 4117.10(A):

"Further, respondents' contention requires an unreasonable construction of R.C. Chapter 4117. The wording in the cited portion of R.C. 4117.10(A) was designed to free public employees from conflicting laws which may act to interfere with the newly established right to collectively bargain. If respondents' construction of this provision were accepted, private citizens would be empowered to alter legal relationships between a government and the public at large via collective bargaining agreements. It is an axiom of judicial interpretation that statutes be construed to avoid unreasonable or absurd consequences. *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367 [41 O.O. 396]; *Canton* v. *Imperial Bowling Lanes* (1968), 16 Ohio St. 2d 47 [45 O.O. 2d 327]."

The "unreasonable or absurd consequences" referred to in *Dispatch Printing Co.* were those arising from a collective bargaining agreement requiring the city to take all reasonable precautions to ensure the confidentiality of the personnel records of police officers. The question was whether this took precedence over the mandates of R.C. 149.43, relating to the public's rights to inspect public records. The *Dispatch Printing Co.* holding is limited to the proposition that a collective bargaining agreement cannot bind persons who are not parties to that agreement, or in a manner inconsistent with existing law. See, *e.g.,* Pittner, DeTemple & Tremiti, Public Employee Collective Bargaining and Ohio Public Employers: A New Perspective (1986), 17 U. Tol. L. Rev. 719, 723; 1 Baker, Ohio School Law Guide (1987), Section 3.38.

Here, the procedures for transfer or reassignment of teachers were a proper subject of collective bargaining, and the parties were parties to a collective bargaining agreement. If we were to adopt the position of the board, the cited portion of R.C. 4117.10(A) would be rendered nugatory with the result that whenever a collective bargaining agreement provision conflicted with a state statute, the state statute would control. Manifestly, neither the General Assembly nor the Supreme Court of Ohio in *Dispatch Printing Co.* intended such a result. For the foregoing reasons, the collective bargaining agreement, by virtue of R.C. 4117.10 (A), prevails over R.C. 3319.01.

We find that the arbitrator did not exceed his power, that the trial court did not err in affirming the arbitrator's decision, and that assignment of error one is not well-taken.

*Judgment affirmed.*

STEPHENSON, J., concurs.

ABELE, J., dissents.

STEPHENSON, J., concurring. I

concur in the judgment and opinion, but would add the following. Appellees argue, in part, that this court's prior holding in *Frontier Local Edn. Assn.* v. *Frontier Local Bd. of Edn.* (May 1, 1985), Washington App. No. 84 X 11, unreported, was incorrect and should be overruled. However, a majority of this court still adheres to the *Frontier Local Edn. Assn.* holding. See, also, *Cook* v. *Berger* (Feb. 8, 1983), N.D. Ohio No. C81-1170, unreported; *Thompson* v. *Fostoria City School Dist. Bd. of Edn.* (Feb. 26, 1981), Seneca App. No. 13-80-19, unreported; *Duer* v. *Berea City School Dist. Bd. of Edn.* (Mar. 24, 1983), Cuyahoga App. No. 45245, unreported. However, in *Frontier Local Edn. Assn.* we did not consider the applicability of R.C. 4117.10(A) in that the grievance therein arose prior to such statute's enactment. Accordingly, pursuant to this court's holding in *State, ex rel. Williams,* v. *Belpre City School Dist. Bd. of Edn.* (1987), 41 Ohio App. 3d 1, 7, 534 N.E. 2d 96, 101-102, at fn. 2, I concur in the foregoing judgment and opinion.