DECISION AND JUDGMENT ENTRY
Tim Coleman appeals his conviction and sentence in the Meigs County Court of Common Pleas on one count of vandalism under R.C.2909.05(D).
Appellant entered a cemetery in Middleport, Ohio accompanied by two juveniles, one of which was appellant's brother. The group caused damage to a mausoleum vault in the cemetery by throwing concrete curb markers against the structure. The impact created a hole in the vault exposing the coffin inside. The apparent purpose of their efforts was to search for valuables.
Appellant was charged with vandalism under R.C. 2909.05(D) and ultimately pled guilty. The Meigs County Court of Common Pleas sentenced him to a one-year term of imprisonment, the maximum sentence for a fifth degree felony. Appellant filed a timely notice of appeal raising two assignments of error.
 "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING TRIAL COUNSEL'S MOTION TO WITHDRAW AS COUNSEL WHEN A CONFLICT OF INTEREST AROSE."
 "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO PRISON FOR THE MAXIMUM SENTENCE ON A FELONY OF THE FIFTH DEGREE WHEN APPELLANT DID NOT MEET THE GUIDELINES FOR SUCH A PUNISHMENT."
In his first assignment of error, appellant contends that the trial court erred in refusing to allow defense counsel to withdraw based on an alleged conflict of interest. As the motion was initiated by counsel independently, this is not a case in which the criminal defendant requested substitute trial counsel. Moreover, at the final pre-trial hearing, appellant indicated that he wanted to go forward with his appointed counsel despite the alleged conflict and counsel's motion to withdraw.
Once a conflict of interest is raised, the trial court must investigate in order to ensure that the defendant receives a fair trial. See, by way of analogy, State v. Dillman (1990),70 Ohio App.3d 616. If the court concludes that a conflict exists, it must then determine whether the defendant nevertheless consents to the representation. The trial court is not bound by a defendant's waiver of the conflict, and may, as a matter of discretion, refuse the waiver and allow counsel to withdraw. Id. An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an "abuse" in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias. State v. Jenkins (1984), 15 Ohio St.3d 164, 222, certiorari denied (1985), 472 U.S. 1031; Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87.
In this case, the trial court properly inquired into the circumstances of the potential conflict at the pre-trial hearing. Defense counsel stated to the court that he was seeking to withdraw as appointed counsel because his son was employed by the victims in the case, Richard and Ruby Vaughn, at Vaughn's Market. In addition, he stated that he was personally close friends and — at one time — neighbors with the victims. He did not say that his relationship with the victims had adversely affected his professional judgment, but he expressed that concern.
We conclude that the trial court did not abuse its discretion by denying defense counsel's motion to withdraw and accepting appellant's waiver. There must be a serious potential for conflict to justify substitution of counsel. Wheat v. UnitedStates (1988), 486 U.S. 153, 164. Defense counsel's possible sympathy and loyalty to the victims in the case at a minimum created the appearance of impropriety and the implication that counsel's judgment might be adversely affected. However, after being advised of the situation, the appellant explicitly chose to proceed. Given the late date of the motion some eighty days after being appointed and, more importantly, ten days before trial, we cannot say the trial court abused its discretion in accepting the appellant's waiver of the potential conflict.
Moreover, there is no showing of prejudice. At the sentencing hearing, defense counsel stated to the court that he had some sympathy for the family, and that he was in a difficult position. However, he went on to advocate for community control sanctions for his client. It does not appear that he let his personal sympathies affect his professional responsibility to his client during sentencing. An appellate court will not presume prejudice where none is demonstrated. State v. Freeman (1985), 20 Ohio St.3d 55,57. This assignment of error is overruled.
Appellant's second assignment of error contests the imposition of the maximum prison sentence in light of the fact that he is a first time offender and he was convicted of a fifth degree felony. A defendant has an appeal of right when the court imposes a maximum prison term for one offense unless the maximum sentence is statutorily mandated. See R.C. 2953.08(A)(1). A defendant also has an appeal of right where the sentence is contrary to law. See R.C. 2953.08(A)(3). We may not reverse a sentence unless we find by clear and convincing evidence that the sentence is not supported by the record or that it is contrary to law. R.C.2953.08(G)(1)(a) and (d); see, also, State v. Holsinger (Nov. 20, 1998), Pike App. No. 97CA605, unreported. Clear and convincing evidence is that degree of proof which will produce in the mind of the trier of fact a firm belief in their existence. See State v. Schiebel
(1990), 55 Ohio St.3d 71, 74.
R.C. 2929.13(B) controls the court's discretion in deciding whether to impose a prison sentence or a community control sanction for fourth and fifth degree felonies. When certain combinations of factors are found, this section requires the court to impose a prison sentence. When other specified combinations of factors are found, a community control sanction is mandatory. In situations where neither specified result is mandated, the trial court simply proceeds under the general principles and guidelines for sentencing. See Griffin Katz, Ohio Felony Sentencing Law (2000) 543.
Prison is required for some fifth degree non-drug felonies. R.C. 2929.13(B)(2)(a) requires a prison sentence if the court finds that the defendant is not amenable to community control sanctions, that prison is consistent with the purposes and principles in R.C.2929.11(A), and one of the factors in R.C. 2929.13(B)(1)(a)-(i) exists. Id. at 544.
In this instance, the trial court found the existence of all three of the factors that mandate a prison term. Appellant's initial argument focuses upon the court's application of R.C.2929.13(B)(1)(d) which states:
 The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
We agree with the appellant that by its plain language R.C.2929.13(B)(1)(d) is not applicable here. The sentencing entry states that "the defendant did, by his actions and conduct, influence others, specifically (sic) juveniles, to engage in criminal activity." At the sentencing hearing, the court stated:
 . . . Let's deal with the Court's major problem which was the eight factors were all no's except the offender (sic) position facilitated the offense or was likely to influence the conduct of others. My understanding was that his conduct did influence 2 juveniles, so we will make that a positive finding.
There is no evidence in the record to indicate that appellant holds a public office or position of trust that relates to the act of vandalism. Nor is there any evidence to indicate that the appellant has a professional reputation or position that facilitated the offense of vandalism. Finally, there is no evidence, or even an inference, that the appellant was in a position, by virtue of his reputation or position in life, likely to influence the future conduct of others. The trial court apparently misconstrued the statute to apply to appellant's influence over his brother and another juvenile in past conduct, i.e. the act of vandalism. We do not construe the statute so broadly in light of the legislature's express use of the words "future conduct." A court does not need to resort to the rules of statutory construction when the statutory language is plain and unambiguous, and conveys a clear and definite meaning. L.J.Minor Corp. v. Breitenbach (1996), 77 Ohio St.3d 168, 171; Searsv. Weimer (1944), 143 Ohio St. 312, paragraph five of the syllabus. "An unambiguous statute is to be applied, not interpreted." Sears, supra. To interpret language that is already plain is to legislate, which is not the function of a court. Id. However, a statute should have as its objective some purpose or policy that serves the public welfare. See Celebrezzev. Hughes (1985), 18 Ohio St.3d 71, 74; Bailey v. Evatt (1944),142 Ohio St. 616, paragraph one of the syllabus. A court cannot presume that the legislature intended to enact a law which produces unreasonable or absurd results. State ex rel. DispatchPrinting v. Wells (1985), 18 Ohio St.3d 382, 384; State ex rel.Cooper v. Savord (1950), 153 Ohio St. 367, paragraph one of the syllabus. A court must construe the statute so as to avoid such an unreasonable result if the language of the statute fairly permits. State rel. Cooper, supra.
Furthermore, we agree with Judge Gorman's dissent in State v.Flahive (1998), 127 Ohio App.3d 32, that the word "professional" in the last clause of R.C. 2929.13(B)(1)(d) modifies both "reputation" and "position." As noted in that dissent, R.C.2901.04(A) requires any ambiguity in this language to be construed narrowly against the state. See, also, Griffin Katz at 546. Appellant has no professional position or reputation. Accordingly, the trial court erred in applying R.C.2929.13(B)(1)(d) to these facts.
Nonetheless, the court still can impose a prison sentence if it concludes under R.C. 2929.13(B)(2)(b) that imposition of a community control sanction would not be consistent with the general purposes and principles of felony sentencing found in R.C.2929.11. The trial court made such a finding here. Appellant contends that this finding was against the manifest weight of the evidence. Applying the clear and convincing standard of review referred to above, we cannot agree.
R.C. 2929.13(B)(2)(d) does not mandate imposition of a community control sanction unless the court specifically finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of the sentencing guidelines. If the court finds that a defendant is not amenable to community control sanctions, it is then free to impose a prison term for a fifth degree felony in accordance with the general principles of sentencing. See Griffin Katz, supra, at 543 and 547 (stating that the trial court can still impose a prison sentence, even when section (B)(1) factors are not found, if it finds under R.C. 2929.13(B)(2)(b) that a community control sanction is not consistent with the purposes and principles set forth in R.C. 2929.11).
At the sentencing hearing, the court found that due to the serious nature of appellant's acts and the mental anguish and economic harm to the victims, appellant was not amenable to available community control. Moreover, pursuant to R.C. 2929.12, the trial court expressly found in its judgment entry that: 1) the Vaughn family suffered substantial mental anguish and economic harm as a result of appellant's actions and conduct; 2) recidivism was more likely as evidenced by appellant's prior history of juvenile criminal adjudications and his failure to respond favorably to prior sanctions and supervision; 3) appellant expressed no genuine remorse; and 4) the offense was of a more serious nature as evidenced by the psychological and economic harm to the Vaughn family. The record supports these findings. Furthermore, the record supports the trial court's finding that a term of imprisonment was consistent with the purposes of R.C.2929.11. Having made the requisite findings under R.C.2929.13(B)(2)(b), R.C. 2929.12, and R.C. 2929.11, we cannot say that the trial court unlawfully imposed a prison term in this case.
Appellant also contends that that trial court did not comply with R.C. 2929.14 in imposing the maximum sentence. Once a trial court elects to impose a prison sentence, the shortest authorized prison term is presumed to be appropriate if the offender has not previously served a prison term. R.C. 2929.14(B). However, the trial court may impose a longer sentence if it finds that the shortest prison term will either (1) demean the seriousness of the offender's conduct, or (2) will not adequately protect the public from future crime. Id. See, also, State v. Borders (Aug. 7, 2000), Scioto App. No. 00CA2696, unreported. The trial court need not give specific reasons for finding that the minimum prison term is inappropriate, as long as it notes on the record that it engaged in the analysis required under R.C. 2929.14(B) and that it varied from the minimum sentence for at least one of the two sanctioned reasons. State v. Martin (Nov. 27, 2000), Jackson App. No. 99CA846, unreported.
 However, R.C. 2929.14(C) also limits imposition of a maximum sentence. Under R.C. 2929.14(C), maximum sentences are reserved for those offenders who: (1) have committed the worst forms of the offense; (2) pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders. In order to impose the maximum sentence, the court must make specific findings on the record, see R.C. 2929.14(C), and identify the reasons for making those findings, see R.C. 2929.19(B)(2)(d).
 Here, the trial court expressly found in its journal entry that "the shortest term would demean the seriousness of the offense and fail to adequately protect the public from the Defendant committing future crimes." These findings comply with the requirement under R.C. 2929.14(B). The trial court also complied with R.C. 2929.14(C) by stating in its journal entry that appellant "committed the worst form of the offense and * * * pose[d] the greatest likelihood of committing future crimes."
Appellant contends that the evidence does not support the finding under R.C. 2929.14(C) that he committed the worst form of the offense of vandalism under R.C. 2909.05(D). In determining whether the offender committed the worst form of the offense, the court will consider the totality of the circumstances. State v.Garrad (1997), 124 Ohio App.3d 718, 722. As previously discussed, the trial court in this case found that the offense was more serious in nature as evidenced by the psychological and economic harm to the victims. This finding complied with R.C.2929.19(B)(2)(d) and is supported by sufficient evidence of record. At the sentencing hearing, the mother of the deceased, whose mausoleum vault was vandalized, testified that the deceased died of leukemia at an early age and that the offense had brought back painful memories for her and her family. She also testified that the offense had caused over $15,000 in uninsured damage. This evidence is sufficient to support the finding that appellant committed the worst form of the offense of vandalism under R.C.2909.05(D).
 For these reasons, we conclude that the trial court made the requisite findings under R.C. 2929.14(B) to deviate from the shortest authorized sentence; that it made the requisite findings under R.C. 2929.14(C) to impose the maximum sentence; that it gave its reasons on the record for imposing the maximum sentence in accord with R.C. 2929.19(B)(2)(d); and that the reasons were supported by sufficient evidence of record. The appellant has failed to establish by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.
Having overruled both assignments of error, the trial court's judgment is affirmed.
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 ________________________ William H. Harsha, Judge
Abele, P.J. Evans, J.: Concur in Judgment and Opinion.