I concur in judgment only because I believe the trial court chose the right test but applied it incorrectly. R.C. 3109.04 must, out of necessity, include a parental suitability element in its best interest test. In fairness to the trial court, I must acknowledge that the case law in this area has been inconsistent to say the least. Thus, I am not critical of the trial judge's analytical and thoughtful approach to this case.
We are not asked to assess R.C. 3109.04's constitutionality here, and I do not profess to do so. But, see, Esch v. Esch (Feb. 23, 2001), Montgomery App. No. 18489, which held the statute unconstitutional for its failure to include a parental suitability element. However, we should presume that the legislature acted reasonably when we are asked to interpret a statute. State ex rel. Cooper v. Savord (1950),153 Ohio St. 367, 92 N.E.2d 390, paragraph one of the syllabus. Thus, my construction of R.C. 3109.04 is made with an eye towards it overall reasonableness.
I premise my conclusion that the best interest of the child test incorporates a parental suitability element on the maxim that natural parents have a paramount right to raise their children and its reciprocal, e.g., children have a paramount right to be raised by their natural parents. See Quilloin v. Walcott (1978), 434 U.S. 246, 255,98 S.Ct. 549, 54 L.Ed.2d 511. From those two propositions, it follows that normally it's in the child's best interest to be placed with a parent rather than a nonparent. Thrasher v. Thrasher (1981), 3 Ohio App.3d 210,214, 444 N.E.2d 431; Gorslene v. Huck (Oct. 24, 2001), Licking App. No. 01CA40. Only a circumstance of exceptional proportion may override the concomitant rights of parent and child. Those circumstances include abandonment, contractual relinquishment, total inability to provide care or support or some other aspect of unsuitability. In re Perales, supra. It is the presence of one of these exceptional circumstances that makes an award of custody to a natural parent detrimental to the child.
In my view, R.C. 3109.04(D)(2) implicitly incorporates this concept in its authorization of trial courts to commit the child to a relative when that court finds "that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian[.]" In other words, only when the parents have relinquished their paramount rights, by virtue of contract, abandonment or other unsuitability, can a court find it in the child's best interest to be placed elsewhere. Absent an express finding that one of these exceptional circumstances is present, an award to a relative or other third party is not in the child's best interest as a matter of law.
Here, the trial court expressly found that the appellant is a suitable parent. And as the principle opinion concludes, the contractual relinquishment of his parental right became null and void upon termination of the guardianship. While the trial court chose the right test, i.e., the child's best interest found in R.C. 3109.04, it failed to apply it correctly because it omitted the suitability requirement that I believe is implicitly present. Thus, I concur in judgment.