THE STATE OF OHIO, APPELLEE, *v.* PARKS, APPELLANT.

(No. 83AP-157—Decided October 27, 1983.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Lou Friscoe,* for appellant.

KOEHLER, J. This cause came on to be heard upon an appeal from the Franklin County Municipal Court.

The facts of this case are not in dispute. The defendant-appellant, Richard C. Parks, a law student at Capital University, and, pertinently, *not* a student at Ohio State University ("OSU"), attempted to procure an OSU student identification card under the name of his brother, an OSU student. An observant clerk, noting that appellant had misspelled his brother's name while signing the card, alerted the campus police who were able to detain appellant.

This case was tried to the court on February 14, 1983, and appellant was found guilty of violating R.C. 2921.13(A)(3). The appeal herein ensued.

Appellant asserts the following single assignment of error:

"The trial court erred in finding the defendant guilty of falsification, since the defendant is not guilty of the offense as a matter of law."

R.C. 2921.13 reads, in pertinent part:

"(A) No person shall knowingly make a false statement, * * * when * * *:

"* * *

"(3) The statement is made with purpose to mislead a public official in performing his official function."

Appellant concedes that his conduct amounted to a false statement knowingly made with purpose to mislead. His argument urges that the clerk involved is not a "public official," or, in the alternative, that the function of issuing student identification cards is not an "official function" within the contemplation of the statutory proscription.

Regardless of whether or not a clerk issuing student identification cards at a state university is a "public official" under R.C. 2921.01(A), this court does not believe that the clerk was performing an "official function" at the time the misrepresentation took place.

The term "official function" is not defined in the Revised Code. Examples given in the Committee Comment to H.B. No. 511, relative to R.C. 2921.13(A)(3), include false statements made "* * * to mislead a policeman, building inspector, or other public official in an investigation

or inspection; * * *." Also illuminating are the other sections of R.C. 2921.13(A) which prohibit false statements made in the following contexts:

"(1) * * * in any official proceeding.

"(2) * * * with purpose to incriminate another.

"* * *

"(4) * * * with purpose to secure the payment of workers' compensation, unemployment compensation, aid for the aged, aid for the blind, aid for the permanently and totally disabled, aid to dependent children, general relief, retirement benefits, or other benefits administered by a governmental agency or paid out of a public treasury.

"(5) * * * with purpose to secure the issuance by a governmental agency of a license, permit, authorization, certificate, registration, or release.

"(6) * * * sworn or affirmed before a notary public or other person empowered to administer oaths.

"(7) * * * in writing on or in connection with a report or return which is required or authorized by law.

"(8) * * * in writing, and [when] made with purpose to induce another to extend credit to or employ the offender, or to confer any degree, diploma, certificate of attainment, award of excellence, or honor on the offender, or to extend to or bestow upon the offender any other valuable benefit or distinction, when the person to whom such statement is directed relies upon it to his detriment."

To read R.C. 2921.13(A)(3) as broadly as the state urges would render R.C. 2921.13(A)(1), (4) and (5) essentially redundant, as false statements to *any* state employee in the performance of that employee's duties would constitute a crime. We do not believe that this is what the legislature intended to accomplish in enacting R.C. 2921.13.

The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences and it is the duty of the courts, if the language of the statute fairly permits, to construe the statute so as to avoid such an interpretation. *Canton* v. *Imperial Bowling Lanes, Inc.* (1968), 16 Ohio St. 2d 47 [36 O.O.2d 280], paragraph four of the syllabus. See, also, *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367 [41 O.O. 396], paragraph one of the syllabus. Essentially, then, courts must apply a rule of reason in their interpretation of this state's criminal statutes. *State* v. *Jacobellis* (1962), 173 Ohio St. 22 [18 O.O.2d 207], paragraph three of the syllabus, reversed on other grounds (1964), 378 U.S. 184. Indeed, under the Revised Code, it is presumed that a just and reasonable result is intended in the enactment of a statute. R.C. 1.47(C). Of course, R.C. 2901.04(A) provides that criminal statutes are to be strictly construed against the state and liberally construed in favor of the defendant.

In this regard, while we have great respect for tasks performed by the numerous clerical staffs of the various state agencies and offices, to say that each is a "public official" performing "official functions" for the purposes of R.C. 2921.13(A)(3) would be to stretch the reach of that statute beyond logic and reason.

It is a basic rule of statutory construction that where sections of a statute are *in pari materia,* they shall be construed together so as to give full force and effect to the legislative intent. See, generally, 50 Ohio Jurisprudence 2d (1961) 189, Statutes, Section 216, and numerous decisions cited therein. In the case at bar, the eight subdivisions of R.C. 2921.13(A), each being a delineation of instances in which the making of a false statement becomes a criminal act, should be construed together when interpreting the intention of the legislature in enacting the statute.

A review of the falsification statute reveals that the legislature did not intend for all falsehoods made to minor functionaries to result in criminal liability. In-

deed, each section appears to be aimed at prohibiting deceit in somewhat narrow circumstances. Also, R.C. 2921.13(A)(3) and (6) are the only two sections which specify a particular person to whom the false statement must be made, while R.C. 2921.13(A)(3) requires the person to be performing an "official function." As we construe the statute, it is obvious that the scope of the term "official function" is to be read much narrower than the state would urge. As a result, we cannot say that the clerk involved herein, having no discretionary powers or any other indicia of independence, performs an "official function" when she issues student identification cards. See, e.g., State, ex rel. Landis, v. Bd. of Commrs. of Butler Cty. (1917), 95 Ohio St. 157.

This action would appear to fall under R.C. 2921.13(A)(8) as the appellant deceptively sought to obtain a "valuable benefit" from the university. This rather innocuous action would not lead to criminal liability then, unless "* * * the person to whom such statement is directed relies upon it to his detriment."

However, since the appellant's conduct, as a matter of law, does not violate R.C. 2921.13(A)(3), appellant's sole assignment of error is well-taken.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded with instructions that the judgment and sentence thereon be vacated and appellant discharged.

*Judgment reversed
and cause remanded.*

WHITESIDE, P.J., and REILLY, J., concur.

KOEHLER, J., of the Twelfth Appellate District, sitting by assignment in the Tenth Appellate District.