The STATE of Ohio, Appellee,

v.

DAVIDSON, Appellant.

[Cite as *State v. Davidson* (1998), 131 Ohio App.3d 607.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 96CA136.

Decided Dec. 30, 1998.

*Dionne Almasy,* Youngstown City Prosecutor, for appellee.

*Sherman Miles,* for appellant.

VUKOVICH, Judge.

The following appeal arises from a judgment by the Youngstown Municipal Court in which the court found appellant guilty of falsification in violation of R.C. 2921.13(A)(3), a misdemeanor of the first degree. This appeal is sought to challenge the constitutionality of the preceding provision of the statute. For the following reasons, the judgment of the trial court is affirmed.

## I. FACTS

On April 5, 1996, Darcel Davidson ("appellant") was stopped by Officer Ronald Rodway of the Youngstown Police Department because her automobile did not have rear illumination of the license plate and she failed to signal before making a right-hand turn. Upon being stopped, Officer Rodway requested appellant's driver's license. Appellant responded that she did not have her license with her; however, she told Officer Rodway that her name was Jennifer Justice [1] and provided the officer with Jennifer Justice's Social Security number and date of birth. Officer Rodway's index search indicated that Jennifer Justice had an expired driver's license. Appellant was issued three tickets: failure to signal, driving on an expired license, and no illumination on the rear license plate.

Upon discovering that appellant had misled Officer Rodway, falsification charges were brought against her. On July 5, 1996, appellant was brought before the Youngstown Municipal Court upon a charge of knowingly making a false statement with the purpose of misleading a public official in performance of his official function pursuant to R.C. 2921.13(A)(3). The municipal court found appellant guilty and sentenced her to one hundred and eighty days in jail with ninety days suspended as well as two years' probation. Appellant filed an appeal the same day.

## II. STANDARD OF REVIEW

It is axiomatic that all legislative enactments enjoy a presumption of constitutionality. *N. Ohio Patrolmen's Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 377, 15 O.O.3d 450, 451–452, 402 N.E.2d 519, 521; *State ex rel. Taft v. Campanella* (1977), 50 Ohio St.2d 242, 246, 4 O.O.3d 423, 425–426, 364 N.E.2d 21, 24; *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus. Similarly uncontroverted is the legal principle that the courts must apply all presumptions and pertinent rules of construction to uphold, if at all possible, a statute or ordinance assailed as unconstitutional. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 56, 330 N.E.2d 896, 898–899; *Wilson v. Kennedy* (1949), 151 Ohio St. 485, 492, 39 O.O. 301, 303–304, 86 N.E.2d 722, 725; *Eastman v. State* (1936), 131 Ohio St. 1, 5 O.O. 248, 1 N.E.2d 140, paragraph four of the syllabus.

## III. ASSIGNMENT OF ERROR

Appellant's sole assignment of error on appeal reads:

---

1. The record reveals that Jennifer Justice is actually appellant's cousin.

"O.R.C. Sec. 2921.13(A)(3) is unconstitutional in being void for vagueness, and thus appellant's conviction should be overturned."

Appellant argues that R.C. 2921.13(A)(3) is vague and encourages arbitrary and discriminatory law enforcement because it contains ambiguous phrases such as "knowing," "false statement," and "in performing the public official's official function."

## A. LAW

Specifically as to challenges to a statute based upon its alleged vagueness, the United States Supreme Court has stated, "[I]f this general class of offenses [to which the statute applies] can be made constitutionally definite by a reasonable construction of the statute, this Court is under a duty to give the statute that construction." *United States v. Harriss* (1954), 347 U.S. 612, 618, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996–997. Thus, we are obligated to indulge every reasonable interpretation favoring the statute in order to sustain it.

The court, in *Harriss,* also articulated the standard to be followed in determining whether a statute is impermissibly vague or indefinite. The court wrote: "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." *Harriss, supra,* at 617, 74 S.Ct. at 812, 98 L.Ed. at 996. See, also, *Marks v. United States* (1977), 430 U.S. 188, 191, 97 S.Ct. 990, 992–993, 51 L.Ed.2d 260, 264–265; *Parker v. Levy* (1974), 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439.

A statute or ordinance is not necessarily void for vagueness, however, merely because it could have been more precisely worded. *Roth v. United States* (1957), 354 U.S. 476, 491, 77 S.Ct. 1304, 1312–1313, 1 L.Ed.2d 1498, 1510–1511; *United States v. Petrillo* (1947), 332 U.S. 1, 7–8, 67 S.Ct. 1538, 1541–1542, 91 L.Ed. 1877, 1882–1884. The Constitution does not mandate a burdensome specificity. As the United States Supreme Court observed in *Rose v. Locke* (1975), 423 U.S. 48, at 49–50, 96 S.Ct. 243, at 244, 46 L.Ed.2d 185, at 188, the "prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.' *Robinson v. United States* [1945], 324 U.S. 282, 286 [65 S.Ct. 666, 668, 89 L.Ed. 944, 947]."

Furthermore, a legislative body need not define every word it uses in an enactment. See *Kiefer v. State* (1922), 106 Ohio St. 285, 139 N.E. 852. Any term left undefined by statute is to be accorded its common, everyday meaning. As the Supreme Court of Ohio previously stated in paragraph five of the syllabus in

*Eastman, supra:* "Words in common use will be construed in their ordinary acceptation and significance and with the meaning commonly attributed to them." See, also, *State v. Dorso* (1983), 4 Ohio St.3d 60, 62, 4 OBR 150, 152, 446 N.E.2d 449, 451, quoting *Eastman*.

R.C. 1.42 also provides that words and phrases contained in the Revised Code must be read in context and construed according to the rules of grammar and common usage.

## B. ANALYSIS

■ By applying these various principles of construction, it is apparent that R.C. 2921.13(A)(3) is not constitutionally repugnant or void for vagueness.

R.C. 2921.13(A)(3) defines falsification by separating it into three necessary elements: (1) knowingly, (2) make a false statement, (3) with purpose to mislead a public official in performing the public official's official function. Consequently, to aid our analysis of the statute, each element will be considered separately.

The term "knowingly" is defined in R.C. 2901.22(B) as follows:

"(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature."

The term "false statement" is not defined in the statute; however, in common everyday usage, the word "false" has a clear meaning. Black's Law Dictionary (6 Ed.1990) 602, provides the following definition of a false statement:

"Statement knowingly false, or made recklessly without honest belief in its truth, and with purpose to mislead or deceive. An incorrect statement made or acquiesced in with knowledge of incorrectness or with reckless indifference to actual facts and with no reasonable ground to believe it correct. Such are more than erroneous or untrue and import intention to deceive." (Citations omitted.)

Statements without grounds in truth or fact are false statements. *In re Pirko* (1988), 44 Ohio App.3d 3, 5, 540 N.E.2d 329, 331–332.

The definition of a "public official" can be found in R.C. 102.01, which reads:

"(B) 'Public official or employee' means any person who is elected or appointed to an office or is an employee of any public agency."

The Tenth Appellate District considered the scope of the definition "public official" in *State v. Parks* (1983), 13 Ohio App.3d 85, 86–87, 13 OBR 100, 102, 468 N.E.2d 104, 107. The court commented:

"It is a basic rule of statutory construction that where sections of a statute are *in pari materia,* they shall be construed together so as to give full force and

effect to the legislative intent. See, generally, 50 Ohio Jurisprudence 2d (1961) 189, Statutes, Section 216, and numerous decisions cited therein. In the case at bar, the eight subdivisions of R.C. 2921.13(A), each being a delineation of instances in which the making of a false statement becomes a criminal act, should be construed together when interpreting the intention of the legislature in enacting the statute.

"A review of the falsification statute reveals that the legislature did not intend for all falsehoods made to minor functionaries to result in criminal liability. Indeed, each section appears to be aimed at prohibiting deceit in somewhat narrow circumstances. Also, R.C. 2921.13(A)(3) and (6) are the only two sections which specify a particular person to whom the false statement must be made, while R.C. 2921.13(A)(3) requires the person to be performing an 'official function.'"

The Legislative Service Commission Comment to R.C. 2921.13 provides examples of violations that would mislead a public official in performing his or her official function:

"Examples of other types of violations under the section include false statements: intended to cause another to be falsely suspected or accused of a crime; *made to mislead a policeman,* building inspector, or other public official in an investigation or inspection." (Emphasis added.)

Logically, issuing citations and extracting information from appellant in the course of an arrest certainly constitute a function of a public official. *State v. Sufronko* (1995), 105 Ohio App.3d 504, 507, 664 N.E.2d 596, 597–598.

Based upon the foregoing analysis, R.C. 2921.13(A)(3) easily passes the *Harriss* test of definiteness. The statute gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. Indeed the conduct at issue, *sub judice,* is specifically identified in the Committee Comment as an example of the conduct that is proscribed by the statute.

Each of the elements necessary to sustain a conviction based upon falsification is clearly defined elsewhere in the Revised Code and those terms that have not been so defined can easily be given effect through their ordinary meanings. Therefore, this court cannot conclude that the statute at issue is unconstitutionally vague. Appellant's assignment of error is without merit.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

GENE DONOFRIO, P.J., and COX, J., concur.