The STATE of Ohio, Appellee,

v.

TABBAA, Appellant.

[Cite as *State v. Tabbaa*, 151 Ohio App.3d 353, 2003-Ohio-299.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 81410.

Decided Jan. 21, 2003.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Sherry F. McCreary, Assistant Prosecuting Attorney, for appellee.

Margaret Wong & Assoc. Co., L.P.A., Jennifer I. Peyton and Scott Eric Bratton, for appellant.

TERRENCE O'DONNELL, Judge.

{¶ 1} Khaldoyn M. Tabbaa appeals from a May 24, 2002 judgment of the common pleas court denying his motion to withdraw a guilty plea he entered in 1990 in connection with a charge of theft, which arose from his failure to return two rented chain saws. On appeal, he contends that at the time of his plea, the court failed to provide a complete advisement to him as required by R.C. 2943.031 regarding immigration and nationality consequences of his guilty plea. We have concluded that Tabbaa's application to withdraw that plea was not timely, and therefore affirm the judgment of the trial court.

{¶ 2} The record reflects that on June 27, 1990, a grand jury indicted Tabbaa, a native of Jordan, for theft, a fourth-degree felony, in connection with his failure to return two chain saws which he had rented from ABC Rental. On October 19, 1990, he pled guilty to this charge, and thereafter, on November 13, 1990, the court sentenced him to a six-month term of imprisonment but suspended it and placed him on probation for one year.

{¶ 3} On December 19, 1990, Tabbaa filed a motion for leave to file a delayed appeal, which our court denied on January 11, 1991, due to his failure to comply with App.R. 5(A). Thereafter, on January 15, 1992, an immigration judge ordered him deported to Jordan; the deportation order, however, did not indicate the basis for that order.

{¶ 4} More than eleven and one-half years later, on May 8, 2002, Tabbaa filed a motion, which, although captioned "Motion for Post–Conviction Relief and to Withdraw Defendant's Guilty Plea Pursuant to Rule 32.1," stated that he sought relief afforded by R.C. 2943.031 and, alternatively, Crim.R. 32.1. He supported that motion with a copy of a "Memorandum of Oral Decision of the Executive Office for Immigration Review," which ordered him deported to Jordan without specifying the basis for that order. The trial court denied his motion for postconviction relief and also denied his Crim.R. 32.1 motion to withdraw his plea. Tabbaa now appeals from that denial. He presents one assignment of error, which states:

{¶ 5} "The trial court erred when it denied appellant's motion to vacate his guilty plea."

{¶ 6} Tabbaa maintains that the court should have permitted him to withdraw his guilty plea because he claims the court failed to provide him the advisement required by R.C. 2943.031 when it accepted his guilty plea in 1990. The state argues that the court substantially complied with the statute, that res judicata bars Tabbaa's challenge to his guilty plea, and that his motion to withdraw was not timely filed. The issue for our review then concerns whether the court erred

or abused its discretion in denying Tabbaa's motion seeking relief afforded by R.C. 2943.031.

{¶ 7}  R.C. 2943.031, effective October 2, 1989, provides:

{¶ 8}  "(A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement.

{¶ 9}  " 'If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'

{¶ 10}  "* * *

{¶ 11}  "(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."[1]

{¶ 12}  Here, Tabbaa captioned his motion as a "Motion for Post–Conviction Relief and to Withdraw Defendant's Guilty Plea Pursuant to Rule 32.1"; a review of the content of the motion indicates, however, that he sought relief not under the postconviction-relief statute, but under R.C. 2943.031 and, alternatively, Crim.R. 32.1, based on the court's failure to provide the immigration advisement required by R.C. 2943.031.  Therefore, we evaluate his claim by both the criteria provided in Crim.R. 32.1 and in R.C. 2943.031.

{¶ 13}  The record reflects the following colloquy at Tabbaa's plea hearing:

---

1. An error exists in R.C. 2943.031(D) in the Page's Ohio Revised Code Annotated, which erroneously states that a defendant may withdraw his guilty plea or plea of no contest and enter a plea of "not guilty by reason of insanity."  The true text of the statute provides that the defendant may enter a plea of not guilty or a plea of not guilty by reason of insanity.  See 143 Ohio Laws, Part I, 532; see, also, *State v. Abi–Aazar*, 149 Ohio App.3d 359, 2002-Ohio-5026, 777 N.E.2d 327, ¶ 14, fn. 3.

{¶ 14} "MR. BOLDT: Your honor, if I may. One other item that may be of importance to the Court. He is here on a school visa, and I advised him fully of his rights.

{¶ 15} "THE COURT: Okay. Yes, sir. Thank you for that.

{¶ 16} "You are not a citizen of the United States?

{¶ 17} "THE DEFENDANT: No, sir.

{¶ 18} "THE COURT: You are visiting here as an alien student, is that it?

{¶ 19} "THE DEFENDANT: Yes, sir.

{¶ 20} "THE COURT: Now, you know that when you enter this plea, you are found guilty, and I will let the Immigration Department know, and they may cancel whatever visa rights you have, and send you back.

{¶ 21} "Now, where are you from, Palestine or—

{¶ 22} "THE DEFENDANT: Jordan.

{¶ 23} "THE COURT: Jordan. By entering this plea, you lose—you stand to lose—I don't know what they will do. I have no control over them. But, I mean, there is that possibility that they will cancel your visa and send you home. Did you know that?

{¶ 24} "THE DEFENDANT: Yes. Sir.

{¶ 25} "THE COURT: You understand that?

{¶ 26} "THE DEFENDANT: Yes, sir."

{¶ 27} The advisement provided by the court here falls short of what is prescribed by the statute, because the court only informed Tabbaa that his visa may be revoked and that the Immigration Department may "send [him] back," without advising him that a conviction may also result in exclusion from admission to the United States or denial of naturalization.

{¶ 28} Although the court failed to provide a complete advisement as required by the statute, we nonetheless conclude that the court acted properly when it denied Tabbaa's motion to withdraw his plea. We base this determination on the eleven-and-one-half-year delay between his plea and his application seeking to vacate his plea.

{¶ 29} We begin our analysis with the recognition that neither Crim.R. 32.1 nor R.C. 2943.031 expressly prescribes a time limit for an application to withdraw a guilty plea.

{¶ 30} Regarding Crim.R. 32.1, however, although the Supreme Court of Ohio, in *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, held that the time limit set forth in the postconviction-relief statutes, R.C. 2953.21 and

2953.23, did not govern procedure under Crim.R. 32.1, it emphasized that "[t]his is not to say that timeliness is not a consideration, however, as an 'undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" Id. 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, at ¶ 14, quoting *State v. Smith* (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph three of the syllabus.

{¶ 31} Applying the timeliness standard for Crim.R. 32.1 reiterated in *Bush*, therefore, we conclude that the protracted delay in Tabbaa's Crim.R. 32.1 motion, for which he did not offer any explanation or justification, adversely affected his credibility and militated against the granting of his motion. Therefore, the trial court acted within its discretion in denying it.

{¶ 32} Turning now to a review of Tabbaa's claim under the procedure prescribed by R.C. 2943.031, we recognize that a time limit is similarly absent. We further recognize that R.C. 2943.031 provides that a court shall permit a defendant to withdraw a guilty plea when the court fails to provide the requisite advisement. However, in construing this statute, where any time limitation for an application is conspicuously absent, we are guided by the principle of statutory construction announced in *State ex rel. Cooper v. Savord* (1950), 153 Ohio St. 367, 41 O.O. 396, 92 N.E.2d 390, where the court stated in paragraph one of the syllabus:

{¶ 33} "The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." See, also, *State v. Parks* (1983), 13 Ohio App.3d 85, 13 OBR 100, 468 N.E.2d 104.

{¶ 34} Similarly, we note that R.C. 1.47(C) provides that it is presumed that a just and reasonable result is intended in the enactment of a statute.

{¶ 35} Here, without any time limitation, a defendant could wait until the state's evidence against him became stale, or witnesses died, or any other circumstances prejudicial to the state transpired, before seeking to withdraw a guilty plea, thereby imposing, among others, an unreasonable obligation on the state to maintain evidence and witness lists on all cases, ad infinitum. This cannot be within the contemplation of R.C. 2943.031, as we do not presume the General Assembly has intended to enact a law producing such unreasonable or absurd consequences. Therefore, although we recognize that R.C. 2901.04(A) provides that criminal statutes are to be strictly construed against the state and liberally construed in favor of the defendant, just as the Supreme Court of Ohio

grafted a timeliness standard onto Crim.R. 32.1, we are also compelled to read a similar timeliness requirement into R.C. 2943.031.[2]

{¶ 36} Accordingly, because of the eleven-and-one-half-year delay between the occurrence of the alleged cause for withdrawal of his guilty plea, namely, the court's failure to provide a complete immigration advisement at the 1990 plea hearing, and his application under the procedure of R.C. 2943.031 in 2002, unaccompanied by any explanation for the delay, the court properly denied his motion to withdraw his plea.

{¶ 37} Based on our evaluation of Tabbaa's claim of defective immigration advisement under the criteria of both Crim.R. 32.1 and R.C. 2943.031, we affirm the judgment of the court.

Judgment affirmed.

COLLEEN CONWAY COONEY, P.J., concurs separately.

DIANE KARPINSKI, J., dissents.

COLLEEN CONWAY COONEY, Presiding Judge, concurring.

{¶ 38} I concur with the majority opinion and write separately to raise one other basis for affirming the trial court's decision. It is important to note that the fact of Tabbaa's noncitizenship is contained in the record at his plea hearing in 1990. Therefore, the issue raised herein was reviewable on direct appeal, unlike the scenario presented in *State v. Felix* (Apr. 17, 1997), Cuyahoga App. No. 70898, 1997 WL 186838 (evidence of Felix's noncitizenship was outside the record and therefore the court could not review the issue on direct appeal). I would, therefore, find that res judicata bars the instant challenge to his 1990 plea.

{¶ 39} As the Ohio Supreme Court held in *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus:

{¶ 40} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was *raised or could have been raised by the defendant at the trial,* which resulted in that judgment of conviction, *or on an appeal* from that judgment." (Emphasis sic.)

---

2. Cf. *State v. Yuen,* Franklin App. No. 01AP–1410, 2002-Ohio-5083, 2002 WL 31124023 (as with Crim. R. 32.1, a motion under R.C. 2943.031 may be filed at any time, but, pursuant to the language of the statute, the discretion afforded the trial court in Crim.R. 32.1 is absent in R.C. 2943.031); *State v. Quran,* Cuyahoga App. No. 80701, 2002-Ohio-4917, 2002 WL 31087704 (allowing a defendant to withdraw his guilty plea in 1990 in a 2001 application pursuant to R.C. 2943.031).

{¶ 41} In the instant case, Tabbaa failed to perfect an appeal of his conviction. Following *Perry,* the doctrine of res judicata bars his challenge of his guilty plea because the issues he raises now could have been fully litigated on direct appeal in 1991 or through delayed appeal in 1992 or 1993.

{¶ 42} I recognize that not every case presents a scenario for the application of res judicata. As the dissent points out, some offenses were not deportable until after 1996. In those cases, the presentation of competent, reliable, and material evidence outside the record may defeat the application of res judicata, but such evidence de hors the record must demonstrate that the defendant could not have appealed the claim based on information in the trial record.

{¶ 43} The dissent states that "[a]dding a vague time limitation, however, would be contrary to the legislative intent and mandate an unjust and unreasonable result." However, the unreasonable and unjust result would be allowing Tabbaa to withdraw his plea 10 years after he was ordered deported and nearly 12 years after his plea was entered.

KARPINSKI, Judge, dissenting.

{¶ 44} I respectfully dissent regarding Tabbaa's motion to withdraw his plea pursuant to R.C. 2943.031.

{¶ 45} The case law is quite settled that the trial court has no discretion regarding whether to grant a motion to withdraw a guilty plea if the statutory conditions are met. *State v. Yuen,* Franklin App. No. 01AP–1410, 2002-Ohio-5083, 2002 WL 31124023; *State v. Mason* (Feb. 15, 2002), Greene App. No. 2001–CA–113, 2002 WL 242662; *State v. Weber* (1997), 125 Ohio App.3d 120, 707 N.E.2d 1178. "[A]s evidenced by the use of the mandatory term 'shall,' the trial court has no discretion and must set aside the conviction as long as the four statutory requirements are met." *State v. Weber,* supra, at 126, 707 N.E.2d 1178. Nevertheless, the majority would add a fifth requirement of timeliness not stated in the statute.

{¶ 46} In *State v. Yuen,* the Tenth Appellate District comprehensively addressed the question of timeliness and found no basis to this argument. In a lengthy discussion of R.C. 2943.031(D), the court noted that whereas R.C. 2953.21(A)(2) sets forth time limitations for filing petitions for postconviction relief, there is no statutory restriction of time for withdrawing guilty pleas under R.C. 2943.031.

{¶ 47} The majority acknowledges that there is no time limit in R.C. 2943.031 but then proceeds with the same analysis it used under Crim.R. 32.1. The majority thus ignores the clear difference between the two. The Supreme Court of Ohio enunciated a timeliness standard in *State v. Bush,* 96 Ohio St.3d 235,

2002-Ohio-3993, 773 N.E.2d 522, in motions pursuant to Crim.R. 32.1, because the rule specifies "manifest injustice" as the basis for granting a motion to withdraw a plea of guilty. *No such condition, however, is specified in R.C. 2943.031.* That is why the requirements under Crim.R. 32.1 are not applicable.

{¶ 48} In *Yuen,* the Tenth Appellate District compared R.C. 2943.031 with Crim.R. 32.1. The court acknowledged that "delay in filing is a factor to be considered in determining manifest injustice and the defendant's credibility." 2002-Ohio-5083, 2002 WL 31124023, at ¶ 30. But the court concluded: "Without question, R.C. 2943.031 differs from Crim.R. 32.1 in that R.C. 2943.031(D) does not grant the trial court the discretion to determine whether the guilty plea should be vacated * * *. Rather, it mandates the plea be vacated in the absence of the required advisement." Id. at ¶ 32. If the court has no discretion and the court is mandated to vacate the plea, then it follows that the court is also precluded from adding a fifth requirement.

{¶ 49} The Tenth District explained the appellate task of statutory construction: " 'Our main consideration in construing a statute is the legislative intent based on a review of the language used. In the review of statutes to discern the legislature's intent, "it is the duty of the courts to give a statute the interpretation its language calls for where this can reasonably be done, and the general rule is that no intent may be imputed to the Legislature in the enactment of a law, other than such as is supported by the language of the law itself." [*Wachwbdorf v. Shaver* (1948), 149 Ohio St. 231, 236, 36 O.O. 554, 78 N.E.2d 370.] This duty is based on the presumption that the legislature knows the meaning of words and chooses the specific words contained in a statute to express its intent. Consequently, a court may not use words not in the statute to add or limit the expressed legislative intent. * * *' *In re Adoption of Koszycki* (1999), 133 Ohio App.3d 434, 437–438, 728 N.E.2d 437. (Footnotes omitted.)" Id. at ¶ 22.

{¶ 50} The majority cites R.C. 1.47(C) to support its adding a time restriction. Adding a vague time limitation, however, would be contrary to the legislative intent and mandate an unjust and unreasonable result. First, nothing in the statute alerts the accused to defend against an objection of timeliness. The statute does not require the accused to explain the reason for the timing of a motion to withdraw a plea. In the case at bar, it would be fundamentally unfair to ambush defendant with a new requirement now and not provide him an opportunity to explain the timing of his motion.[3]

{¶ 51} A cursory overview of the immigration laws, moreover, indicates that there is sound basis for not restricting the time during which a defendant can ask to withdraw a plea. Prior to 1996, certain crimes were not deportable offenses.

---

3. Below, defendant argued solely that the statute had no time limitation.

Congress lowered the bar for deportation by expanding the class of state law crimes subject to deportation. Congress also made this change retroactive on the basis that deportation was not deemed a criminal procedure. *Mason, supra.* If a time restriction is imposed on defendants, as the majority wants, then those defendants who pled guilty to a crime subsequently classified as subject to deportation would have no recourse years later. That result is clearly not the legislative intent of this statute.

{¶ 52} To understand the reason for this unique statute, one must understand the effect of deportation. As the Second Appellate District observed, "deportation may result in loss of all that makes life worth living, *Ng Fung Ho v. White* (1922), 259 U.S. 276, 42 S.Ct. 492, 66 L.Ed. 938, and is 'close to punishment,' *Galvan v. Press* (1954), 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911." *Mason, supra.* Adverse consequences such as deportation can be substantially disproportionate to the seriousness of the crime, which in the case at bar was the failure to return two rental chain saws.[4]

{¶ 53} There are other reasons why it is unreasonable to restrict the time for an accused to withdraw a guilty plea under this statute. Anyone who wishes to be naturalized must reside in this country for a continuous period of time. Those who leave this country and return must begin that time period again. Thus the time frame for naturalization can be lengthy. Similarly, believing they can return, persons may leave the country for any number of reasons and then later discover that their reentry is barred.

{¶ 54} By not establishing any time limitations, the statute clearly intends to allow the accused time to discover the adverse consequences of their pleas. The accused need time to discover consequences not explained by the court. Thus there is a sound reason for the statute not limiting the time to file a motion to withdraw a plea. Similarly, the statute does not require the accused to explain when the consequences were first discovered.

{¶ 55} Nor does the statute authorize an appeal solely from the failure to give the required advisement. The appeal, here, is taken from the *denial* of the R.C. 2943.031 motion. Until that motion was made and denied, there could have been no appeal, pursuant to this statute, on that matter. The statute determines the procedure, and that procedure begins with a *motion.* The doctrine of res judicata cannot apply before such a motion is made. The appeal on the conviction, however, is another matter.

---

4. At the time of his plea, defendant was 21 and here on a student visa. He was enrolled in mechanical engineering at Cleveland State University. At the hearing he stated that he asked his father to return the saws, but his father put them in the trunk of his car and forgot about them. The saws were subsequently returned to the owner.

{¶ 56} In a very comprehensive analysis, the Tenth District explained the special nature of R.C. 2943.031 by comparing it to statutes such as R.C. 2945.67 and 2945.70, which grant "jurisdiction to appellate courts to hear appeals." *State v. Weber*, 125 Ohio App.3d at 131, 707 N.E.2d 1178. The court held that "R.C. 2943.031 is similar to those statutes found to confer substantive rights * * *." "Particularly, these include the right to be advised by the court that one's guilty plea may have consequences on one's immigration status and the right to withdraw a guilty plea if the trial court fails to make the advisement and when certain other statutory requirements are met. Significantly, prior to the enactment of R.C. 2943.031 in 1989, neither of these rights was available to defendants. See *State v. Odubanjo* (1992), 80 Ohio App.3d 329, 333, 609 N.E.2d 207, 209 ('Prior to the legislative enactment of R.C. 2943.031, the burden of advising defendants of this deportation consequence was incumbent upon defendant's counsel. Then, to argue such error, defendant had to show prejudice for ineffective assistance of counsel.')." Id.

{¶ 57} The court concluded that "R.C. 2943.031 confers substantive rights * * *." Id. Those substantive rights, the court held, cannot be restricted by additional requirements, such as establishing that the defendant would not have otherwise pled guilty or showing manifest injustice. Because the statute confers rights with specifically four statutory requirements, no more requirements can be added except by the legislature.

{¶ 58} The statute not only confers substantive rights that cannot be further restricted but also mandates a procedure that begins with a motion. The appeal of a denial of an R.C. 2943.031 motion starts at a different point than an appeal from a conviction. Thus the doctrine of res judicata cannot apply. It requires finality, whereas this statute requires the final judgment be changed but only through a procedure that begins with a motion.

{¶ 59} On this point, the statute is like Crim.R. 32.1. Under neither Crim.R. 32.1 nor R.C. 2943.031 is one required to appeal what is properly the basis for what has not yet been filed as a motion to withdraw a plea. Not until that motion is denied is the issue ripe for appeal. Thus the issues underlying either motion are not subject to the doctrine of res judicata. But there the similarity ends. For a motion under Crim.R. 32.1, the court has discretion and it may consider the timing of the motion, but not for a motion under R.C. 2943.031. It is the failure to appreciate the difference between these two motions that has caused much misunderstanding. As the Tenth District held, the statute provides "an independent means of withdrawing a guilty plea separate and apart from" Crim.R. 32.1. *Weber*, 125 Ohio App.3d at 128-129, 707 N.E.2d 1178.

{¶ 60} Finally, the majority fails to appreciate that the legislature clearly placed the responsibility on the court to advise noncitizens of the adverse

consequences of their plea. To say that the state should not have to bear the burden that results from the court's failure to comply with the statute is to ignore the clear and unambiguous role assigned to the court. The statute clearly shifts the consequences to the state, and properly so because it is the state that has failed in its mandated duty to advise the accused.

{¶ 61} The statute sets forth a simple mechanism to prevent the predicament the majority speculates on. The statute permits the court to ask in writing whether the defendant is a citizen, if the court asks in that same writing for the defendant's plea. The statute also specifies what statement is to be read to the defendant. *State v. Quran*, Cuyahoga App. No. 80701, 2002-Ohio-4917, 2002 WL 31087704. This requirement of the court is not onerous. Indeed, reading such a document in open court can provide a solid foundation[5] for the personal dialogue also required. There is no reason, therefore, for the appellate court to change the plain meaning of this statute by imposing an additional requirement on the defendant.

---

5. The statement in R.C. 2943.031 can also provide a basis for a translation, if one is needed.