JOURNAL ENTRY and OPINION.
{¶ 1} In an accelerated appeal, appellant Andrea Marie Francis challenges the trial court's denial of her motion to vacate her 1993 plea to theft. Over nine years after the plea, she claims the trial court, in violation of R.C. 2943.031, failed to advise her at the time of the plea that a conviction could result in the denial of her application to become a citizen. She assigns the following error for our review:
 {¶ 2} "The trial court erred when it overruled appellant's motion to vacate guilty plea, when at the time of the plea the trial court failed to provide the advisement pursuant to O.R.C. 2943.031(A) that she was subject to possible deportation, exclusion from the United States or denial of naturalization pursuant to the United States."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} On February 11, 1993, the grand jury indicted Francis in a two-count indictment for one count of theft and one count of trafficking in food stamps. On March 15, 1993, she entered a plea to theft. At the time of the plea, Francis was a citizen of Jamaica.
 {¶ 5} The record reflects that at the plea hearing, the trial court asked where Francis was born, and when informed that she was from Jamaica and was attempting to become a United States citizen, the court asked her whether she was aware that pleading guilty to a felony would "affect your rights in this country" and also inquired whether she discussed the issue with her attorney. Francis responded "yes" to both questions.
 {¶ 6} After explaining the various rights Francis was waiving pursuant to Crim.R. 11(C), and Francis' assurances that she understood the rights she was waiving, the trial court accepted her plea. Francis was thereafter sentenced to one year in prison. The prison time was suspended on condition she successfully complete three years probation and make recitation in the amount of $3,150. Francis successfully served her probation and paid the amount of restitution.
 {¶ 7} On August 9, 2002, Francis filed a motion to vacate her guilty plea, arguing that the trial court failed to advise her pursuant to R.C. 2943.031 that her plea of guilty could have the consequences of exclusion of admission to the United States or denial of naturalization pursuant to the laws of the United States. According to her motion and the Immigration and Naturalization Service's ("INS") document attached, Francis filed an application for naturalization on June 5, 2001, which was subsequently denied.[1] The trial court denied Francis' motion to vacate without opinion.
 {¶ 8} In her sole assigned error, Francis argues that the trial court erred by failing to grant her motion to vacate her guilty plea, because the trial court failed to state the verbatim language contained in R.C. 2943.031 in advising Francis that the plea would affect her ability to become a citizen of the United States.
 {¶ 9} We find that regardless of Francis' contention that the trial court failed to recite the verbatim language in R.C. 2943.031,[2]
Francis' motion to vacate her plea, over nine years after it was entered, was untimely filed and therefore properly denied.
 {¶ 10} This court in State v. Tabbaa[3] addressed the need to file a timely motion to vacate pursuant to R.C. 2943.031. We applied the principles set forth by the Ohio Supreme Court in State v. Bush[4]
regarding the timely filing of a motion to vacate pursuant to Crim.R. 32.1. We adopted the principle that an undue delay between the occurrence and the alleged cause for withdrawal mitigates against granting the motion.
 {¶ 11} In Tabbaa, the defendant had entered a plea on October 19, 1990, discovered he was ordered to be deported on January 15, 1992, yet failed to file a motion to vacate his plea until May 8, 2002, eleven and one-half years after he entered his plea. This court found the eleven and one-half years between the plea and Tabbaa's motion to vacate the plea, constituted an unreasonable amount of time, and that allowing such a delay, "when the state's evidence against him became stale, or witnesses died, or any other circumstances prejudicial to the state transpired, before seeking to withdraw a guilty plea, [would impose], among others, an unreasonable obligation on the state to maintain evidence and witness lists on all cases, ad infinitum."[5]
 {¶ 12} Although we recognize that Tabbaa is currently pending before the Ohio Supreme Court,[6] we agree with this court's finding that an unreasonable delay between the entering of the plea and the filing of the motion to vacate the plea, mitigates against granting the motion to vacate.
 {¶ 13} We therefore conclude that Francis' filing a motion to vacate over nine years after her plea was entered to constitute undue delay, especially because she indicated at the time of the plea she was trying to become a United States citizen. The trial court therefore, did not err in denying the motion to vacate.
 {¶ 14} Accordingly, for the above reasons, Francis' sole assigned error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and JAMES J. SWEENEY, J., concur.
[1] The INS document does not indicate the date the application was denied.
[2] This court in State v. Quran, Cuyahoga App. No. 80701,2002-Ohio-4917, held that the quotation marks surrounding the advisement set forth in the statute, indicates that the trial court must give the advisement verbatim, in spite of the substantial compliance standard of review that adheres to the advisement of nonconstitutional rights. But see, State v. Yanez, 150 Ohio App.3d 510, 2002-Ohio-7076, from the First District and State v. Ikharo (Sept. 10, 1996), Tenth Dist. No. 95AP11-1511 and State v. Mason, Second Dist. No. 2001-CA-113,2002-Ohio-930, where courts have held that substantial compliance is sufficient since the advisement concerns nonconstitutional rights.
[3] 151 Ohio App.3d 353, 2003-Ohio-299.
[4] 96 Ohio St.3d 235, 2002-Ohio-3993 at P14.
[5] 151 Ohio App.3d at P35.
[6] A conflict exists between this district and the Tenth District inState v. Yuen, Tenth Dist. No. 01AP-1410, 2002-Ohio-5083, regarding whether there is a reasonable time limit to file a motion pursuant R.C.2943.031. The issue is currently pending before the Ohio Supreme Court inState v. Tabbaa, 98 Ohio St.3d 1561, 2003-Ohio-2242.