OPINION
{¶ 1} Defendant Brian K. Sprinkle was acquitted after a bench trial of forgery, in violation of R.C. 2913.31(A)(1) and R.C. 2913.31(A)(3). The state appeals, pursuant to State v. Bistricky (1990), 51 Ohio St.3d 157,555 N.E.2d 644.
 {¶ 2} The facts in this case are not in dispute. On May 12, 2004, Brian Sprinkle attempted to steal a pair of gym shoes from the J.C. Penney department store at the Dayton Mall in Miami Township. Upon exiting the store, Brian was apprehended by store security and a Miami Township police officer. Brian identified himself to the officers as his brother, Terry Sprinkle, and gave his brother's social security number as his own. The store security officer prepared, in Terry's name, a Dayton Mall trespass notice and a J.C. Penney acknowledgment form, which Brian signed as Terry Sprinkle. Brian was arrested by the Miami Township officer and taken to the police station. There, Brian signed two fingerprint cards and a pre-interview (Miranda) form, and he completed a witness statement describing his involvement in the theft. On each of these documents, Brian signed the name of his brother, Terry, instead of his own. Shortly after Brian's release, Terry contacted the police, indicating that they had arrested Brian and that Brian had used his name on previous occasions.
 {¶ 3} On June 14, 2004, Brian Sprinkle was indicted for forgery, in violation of R.C. 2913.31(A)(1) and R.C. 2913.31(A)(3), both felonies of the fifth degree. R.C. 2913.31 provides, in pertinent part:
 {¶ 4} "(A) No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall do any of the following:
 {¶ 5} "(1) Forge any writing of another without the other person's authority;
 {¶ 6} "* * *
 {¶ 7} "(3) Utter, or possess with purpose to utter, any writing that the person knows to have been forged."
 {¶ 8} The parties agreed to submit the case to the court on stipulated facts for a determination of whether the facts supported a conviction for forgery. In acquitting Brian of the charges, the court concluded that Brian's actions did not constitute an attempt to defraud anyone as defined by the statute. The court reasoned that he "did not receive any benefit that would prevent him from being punished for the original theft offense. Moreover, the Court finds that Defendant's behavior did not cause any detriment to another." The court further found that the "writing" at issue did not meet the statutory requirements, because it "was not that of Defendant's brother, e.g. a personal check, but rather documents prepared and presented by the police officer as a result of Defendant giving his brother's name and personal identifiers."
 {¶ 9} In its sole assignment of error, the state argues that the trial court incorrectly interpreted the terms "purpose to defraud" and "writing of another" as used in R.C. 2913.31(A).
 {¶ 10} First, the state asserts that it need only have proven that Brian acted with a "purpose to defraud" and not that he actually obtained a benefit or caused a detriment to another. Under R.C. 2913.01(B), "defraud" is defined as "to knowingly obtain, by deception, some benefit for oneself or another, or to knowingly cause, by deception, some detriment to another." A person acts purposefully "when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
 {¶ 11} We agree with the state that Brian's behavior was committed with a "purpose to defraud." Brian clearly sought the benefit of avoiding the consequences of his actions by leading the officers to believe that another individual had committed the theft. Moreover, Brian acted with the purpose of causing some detriment to the police, the principal victim of the forgery, by falsely authenticating — as Terry's — the fingerprints that he had given and the statements that he had made. See State v.Edwards, Greene App. No. 2001-CA-29, 2002-Ohio-267 (noting that, where defendant had used another's identity in an attempt to gain credit, the store was the principal victim of forgery while the other person was the victim of R.C. 2913.49(B), taking the identity of another). Although Brian's actions were quickly discovered, the police could have expended additional time and resources to pursue Terry for a crime he did not commit. The fact that Brian's deception was discovered and that he, not Terry, was charged with an offense is inconsequential. State v.Williams, Cuyahoga App. No. 84894, 2005-Ohio-1866, ¶ 14 (the state was required only to show that the defendant acted with a purpose or specific intention to defraud, not that he actually defrauded a victim).
 {¶ 12} Brian asserts that the placement of R.C. 2913.31 within the Theft and Fraud Chapter of the Ohio Revised Code indicates that the benefit or detriment intended under R.C. 2913.01(B) is an economic one. He argues: "Brian did not receive any economic value from the documents, and the nature of the documents made it obvious that nothing of value was involved. Terry was inconvenienced when he had to go to the police station to verify the information he had verbally given to officers over the telephone, but he suffered no loss of property or money."
 {¶ 13} Although most of the provisions of R.C. Chapter 2913 involve theft or economic crimes, R.C. 2913.31(C) implies that an economic loss or benefit is not required. Specifically, R.C. 2913.31(C)(1)(b) provides that forgery is a felony of the fifth degree; however, "[i]f property or services are involved in the offense or the victim suffers a loss," forgery may be a felony of the second, third or fourth degree, depending upon the value of the property or services or the loss and whether the victim was elderly or disabled. Based on this language, R.C. 2913.31(C)(1)(b) implicitly contemplates that forgery may involve an non-economic benefit or detriment.
 {¶ 14} Second, the state claims that the trial court incorrectly found that the "writing of another" element of R.C. 2913.31(A)(1) had not been satisfied. We agree.
 {¶ 15} "Writing" means "any computer software, document, letter, memorandum, note, paper, plate, data, film, or other thing having in or upon it any written, typewritten, or printed matter, and any token, stamp, seal, credit card, badge, trademark, label, or other symbol of value, right, privilege, license, or identification." R.C. 2913.01(F). R.C. 2913.01(G) defines "forge" as "to fabricate or create, in whole or in part and by any means, any spurious writing, or to make, execute, alter, complete, reproduce, or otherwise purport to authenticate any writing, when the writing in fact is not authenticated by that conduct."
 {¶ 16} In our judgment, the phrase "[f]orge any writing of another without the other person's authority" encompasses situations in which a person signs the name of another, without the other's consent and with the purpose to defraud, to a document prepared by a third party, such as the police. In such a case, the third party is the victim of the forgery. For example, in Edwards, the defendant opened an account with a department store by using the name, address, and all relevant information of Mr. Coronado. Edwards then attempted to make a purchase and signed Mr. Coronado's name to the sales slip. Edwards was charged with taking the identity of another, in violation of R.C. 2913.49(C), and forgery, in violation of R.C. 2913.31(A)(3). Although we addressed the differences in the statutes for purposes of determining whether the two offenses were allied offenses of similar import, we stated that the forgery was completed when "Edwards forged Mr. Coronado's signature to the charge slip for the item he purchased on credit." Id. Other courts have likewise recognized that the forgery statute is violated when the defendant signs a false name to a third party's writing. See, e.g., State v. Brown,
Franklin App. No. 03AP76, 2003-Ohio-4762, ¶ 10 (defendant committed forgery when he "signed Franchini's name, without Franchini's consent, to the delivery manifest in order to defraud Sofa Express of the requested furniture."); State v. Levy, Cuyahoga App. No. 83114, 2004-Ohio-4489
(defendant committed forgery when he signed the name of another inmate to the clothing inventory form in order to obtain the clothing of the other inmate).
 {¶ 17} Although Brian's conduct did not involve a commercial transaction, we see no meaningful difference between signing a false name to a sales slip in order to fraudulently obtain goods and signing a false name to police documents in order to avoid prosecution and implicate another. In this case, Brian was presented with various documents prepared by the police, all in the name of Terry due to Brian's representation that he was Terry. Brian signed Terry's name to those documents, without his brother's consent, thus purporting to authenticate the fingerprint cards and other documents as Terry's. In our view, Brian satisfied the elements of the forgery statute when he forged Terry's signature on the police documents. See Edwards, supra. Moreover, Brian "uttered" the forged documents when he transferred them back to the police officer. State v. Bounds (1995), 107 Ohio App.3d 700, 705,669 N.E.2d 334 ("Forgery proscribes the creation of false writings, whereas uttering generally proscribes the subsequent transfer of such writings.").
 {¶ 18} Brian asserts that "[t]he conduct of a person who misleads and hampers the police, whether by oral or written false statements, clearly fits the type of conduct prohibited by the Falsification and Obstructing Official Business statutes." He cites to State v. Davidson (1998),131 Ohio App.3d 607, 723 N.E.2d 172, in which the defendant was convicted of falsification after she provided her cousin's name and social security number to an officer during a traffic stop.
 {¶ 19} While Davidson may support Brian's assertion that giving a false name to law enforcement officers may constitute falsification,Davidson does not support a conclusion that falsification and forgery are mutually exclusive. (We note that, since the defendant in Davidson gave a false name orally rather than in writing, forgery was not at issue.) As stated in State v. Sufronko (1995), 105 Ohio App.3d 504, 664 N.E.2d 596:
 {¶ 20} "The purpose of the forgery statute is to ensure the authenticity or validity of a writing. The falsification prohibition is meant to apply to the substance of the declarations. Forgery involves conduct that purports to authenticate writings; falsification involves conduct that swears to the veracity of the statements. The fact that the falsification and forgery occurred within a short time of each other does not merge the separate conduct into one.
 {¶ 21} "* * * That a forged writing may also contain false information is only incidental, and not necessary to commit the offense. While the documents appellant signed may contain false information given by the appellant indicating falsification, the act of signing another's name at the bottom of that statement for the purpose of authenticating the document is a separate act of forgery." Sufronko,105 Ohio App.3d at 508-09 (footnotes and citations omitted).
 {¶ 22} The state's assignment of error is sustained.
Brogan, P.J. and Grady, J., concur.