{¶ 20} Respectfully, I dissent.
 {¶ 21} I would find that the trial court did not abuse its discretion when it failed to hold a hearing. A hearing on a postsentence motion to withdraw a plea is not required if the facts, "as alleged by the defendant and accepted as true by the court, would not require that the guilty plea be withdrawn. Generally, a self-serving affidavit *** is insufficient to demonstrate a manifest injustice." State v. Wilkey, Muskingum App. No. CT2005-0050, 2006-Ohio-3276, at ¶ 26.
 {¶ 22} It is clear that the denial of appellant's motions was warranted, not only because they were they extremely untimely, but appellant did not offer any explanation for the delay or a scintilla of evidence in support of his motions. An unreasonable delay between the entering of a plea and the filing of a motion to withdraw the plea militates against granting the motion. See State v. Tabbaa,151 Ohio App.3d 353, 357, 2003-Ohio-299, 784 N.E.2d 143 (holding that the protracted delay in Tabbaa's Crim. R. 32.1 motion, for which he did not offer any explanation or justification, adversely affected his credibility and militated against the granting of his motion.). InTabbaa, this court upheld the trial court's denial of a defendant's motion to withdraw his plea after he waited eleven years to file the motion.
 {¶ 23} Here, the facts alleged by appellant did not require the guilty plea to be withdrawn. Appellant pleaded guilty in 1960, but did not institute any action *Page 9 
upon the case until 2008. Such an unreasonable delay makes it nearly impossible for the state to retry appellant so many years after the alleged crime took place. In State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, 820 N.E.2d 355, at ¶ 40, the Ohio Supreme Court stated: "[T]he more time that passes between the defendant's plea and the filing of the motion to withdraw it, the more probable it is that evidence will become stale and that witnesses will be unavailable."
 {¶ 24} In Tabbaa, the court stated that, "although the court failed to [inform the defendant that he could be deported] as required by the statute, we nonetheless conclude the court acted properly when it denied Tabbaa's motion to withdraw his plea. We base this determination on the eleven and one-half year delay between his plea and his application seeking to vacate his plea." Tabbaa, supra, at 356.
 {¶ 25} Appellant did not file a direct appeal with this court, nor did he file a motion to withdraw at any time in the last 48 years. Further, other than his own affidavit, appellant presented no evidence to support his assertion that he was denied an interpreter. I take particular issue with the fact that appellant has not provided any reason for his delay. Even if the trial court erred in not providing appellant a translator at his plea hearing in 1960, I find that, in February 2008, the trial court appropriately denied appellant's motions to vacate his pleas.
 {¶ 26} In the case before us, appellant's delay was significant. I am aware of the Court's holding in Francis, supra, that "[i]n some cases even a considerable *Page 10 
delay in filing the motion to withdraw will not be a factor supporting denial of the motion, such as when the immigration-related consequences of the plea and resulting conviction did not become evident for some time after the plea was entered." Here, appellant failed to provide the court with a reason for his delay. We cannot presume what his reasons may be, and there is no evidence in the record that any "immigration-related consequences" have resulted from appellant's 1960 plea. Because it is clear that a denial of the motions was warranted, no hearing was necessary, and appellant's second assignment of error should be overruled. *Page 1