[Cite as *State v. Geer*, 2022-Ohio-289.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| NIKKI GEER | : | Case No. 21-CA-23 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Fairfield County
Municipal Court, Case No.
CRB2100276


JUDGMENT:        Affirmed


DATE OF JUDGMENT:        February 1, 2022


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

MITCHELL R. HARDEN        ANDREW T. SANDERSON
136 West Main Street        738 East Main Street
Lancaster, OH  43130        Lancaster, OH  43130

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant Nikki Geer appeals the July 21, 2021 judgment of conviction and sentence of the Fairfield County Municipal Court. Plaintiff-Appellee is the State of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On March 12, 2021, Lancaster Police Officer A.T. Bennett responded to a call on Sherman Avenue involving a fight. Upon arrival he encountered appellant walking away from the back yard of the residence in question. He stopped appellant who stated he heard arguing and shouting while at the residence. Appellant then provided his brother's information instead of his own because appellant had an active warrant for his arrest. Appellant was subsequently charged with falsification.

{¶ 3}   Appellant pled not guilty to the charge and elected to proceed to a bench trial. Appellant stipulated to every element of falsification except for whether or not Bennett's investigation of appellant was part of Bennett's "official function" as a police officer. Transcript of trial 4-5.

{¶ 4}   The state presented evidence from Officer Bennett and appellant testified on his own behalf. After hearing all the evidence, the trial court found appellant guilty. Appellant filed an appeal and the matter is now before this court for consideration. He raises one assignment of error for our consideration as follows:

I

{¶ 5} "THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION."

{¶ 6} In his sole assignment of error, appellant argues the state failed to produce sufficient evidence to prove Bennett was performing his official function when appellant made his false statement. We disagree.

{¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 8} Appellant was charged with falsification pursuant to R.C. 2921.13 (A)(3) which provides:

> (A) No person shall knowingly make a false statement, or knowingly swear or affirm the truth of a false statement previously made, when any of the following applies:
>
> * * *
>
> (3) The statement is made with purpose to mislead a public official in performing the public official's official function.

{¶ 9}   As he did at trial, appellant concedes he made a false statement to a police officer on March 12, 2021 in Fairfield County, Ohio. He argues, however, that his statement was not made to a public official who was performing "the public official's function."

{¶ 10} "Public official" is defined in R.C. 2921.01:

As used in sections 2921.01 to 2921.45 of the Revised Code:

(A) "Public official" means any elected or appointed officer, or employee, or agent of the state or any political subdivision, whether in a temporary or permanent capacity, and includes, but is not limited to, legislators, judges, and law enforcement officers. * * *

{¶ 11} The term "official function" is not defined in the Revised Code. However, the committee notes to R.C. 2921.13(A)(3) provide examples which include false statements made to "mislead policemen." Appellant argues because he was not under arrest or investigation when he provided a false name to Officer Bennett, Bennett was not performing his "official function."

{¶ 12} In support of his position, appellant relies on *State v. Parks*, 13 Ohio App.3d 85, 468 N.E.2d 104. *Parks* involved a Capital University student who attempted to obtain an Ohio State University student identification card where he was not a student, using his brother's information. In reaching its conclusion that Parks did not commit a violation of R.C. 2921.13(A)(3) the court noted "while we have great respect for tasks performed by the numerous clerical staffs of the various state agencies and offices, to say that each is

a "public official" performing "official functions" for the purposes of R.C. 2921.13(A)(3) would be to stretch the reach of that statute beyond logic and reason." Because the clerk issuing the identification card "had no discretionary powers or any indicia of independence" the court reversed Parks' conviction. *Id.*, 87.

{¶ 13} *Park* turned on the fact that the court found the clerk Park made a false statement to was not a "public official" within the meaning of the statute. This matter is distinguishable from *Park* in that police officers are without question, public officials. We therefore find *Park* is inapplicable to the instant matter.

{¶ 14} We further find the investigation of crimes is most certainly an "official function" of police officers. The investigation of crimes necessarily includes gathering accurate information regarding all individuals involved in an incident, both potential defendants and potential witnesses.

{¶ 15} In *State v. Lazzaro*, 76 Ohio St.3d 261, 1996-Ohio-397, 667 N.E.2d 384, the Supreme Court of Ohio was presented with the question of whether the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.13(A)(3). Lazzarro was the administrator of a nursing home who lied to police officers about an incident of elder abuse committed by two of her employees. When the truth came to light, Lazzarro was charged with several crimes including falsification pursuant to R.C. 2921.13(A)(3). Like appellant here, Lazzaro was not herself initially under investigation, but rather was a potential witness. The court in that matter found:

The General Assembly has adopted legislation intended to discourage individuals from purposely giving false information that hinders public officials in the performance of their duties. Complete and honest cooperation with the law enforcement process by all citizens is essential to the effective operation of the justice system. *Columbus v. New* (1982), 1 Ohio St.3d 221, 227, 1 OBR 244, 249, 438 N.E.2d 1155, 1160. Therefore, we hold that the making of an unsworn false oral statement to a public official with the purpose to mislead, hamper or impede the investigation of a crime is punishable conduct within the meaning of R.C. 2921.13(A)(3) and 2921.31(A).

{¶ 16} Appellant here admits he purposely made a false statement. His statement was unquestionably made to a public official. While he argues Officer Barrett was not performing his "official function" because he was not the one under investigation and his identity was of no consequence to Barrett, Barrett could not have known who was involved and who was not until his investigation was complete.

{¶ 17} We conclude the state produced sufficient evidence to prove Barrett was a public official performing his official function when appellant lied to Barrett about his identity.

{¶ 18} The sole assignment of error is overruled.

{¶ 19} The judgment of the Fairfield County Municipal Court if affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Delaney, J. concur.

EEW/rw